## Wellington v. Commonwealth.

(Decided June 9, 1914.)

### Appeal from Livingston Circuit Court.

1. New Trial—Criminal Law—Motion For New Trial—When and How Made.—The only provisions of the Code of Practice authorizing the granting of new trials in criminal cases are contained in Sections 271-274, inclusive, of the Criminal Code. Section 271 requires that the application for the new trial must be by motion; Section 273, that it must be made at the same term at which the verdict is rendered, unless the judgment be postponed to another term, in which case it may be made at any time before judgment. Section 274 requires that the grounds upon which the motion for the new trial is made must be stated in writing and filed at the time of making the motion. The remedy thus afforded by the sections of the Criminal Code, supra, is exclusive; therefore, one convicted of crime in the circuit court cannot, by petition, or after the term at which he has been

convicted, apply for or obtain a new trial as allowed in civil cases by Sections 344-518, Civil Code.

2.  New Trial—Newly Discovered Evidence—When New Trial Will Not Be Granted on Account of.—A new trial will not be granted either in a criminal or civil case on account of newly discovered evidence, when such evidence is merely cumulative or only tends to discredit or impeach an opposing witness; the newly discovered evidence must be of such a character as that it would have a preponderating influence upon another trial.

DAVID BROWNING, JOHN K. HENDRICK for appellant.

JAMES GARNETT, Attorney General, M. M. LOGAN, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

The appellant was convicted in the Livingston Circuit Court under an indictment charging him with the murder of Frank Longnecker and his punishment fixed by the verdict of the jury at confinement in the penitentiary for life.  He prosecuted an appeal to this court which resulted in the affirmance of the judgment.  (See Wellington v. Commonwealth, 158 Ky., 161.)

Following the affirmance of the judgment of conviction by this court, appellant filed in the court below a petition seeking the vacation of the judgment and asking a new trial upon the ground of newly-discovered evidence, information of which, it was alleged, he did not have and could not by any sort of diligence have obtained until after his conviction in the court below.  Three affidavits, made by the persons claiming to be in possession of the newly-discovered evidence, setting forth the facts to which they would testify, were filed with the petition.  The circuit court, upon considering the statements of the petition and affidavits, refused to grant appellant a new trial as therein prayed and dismissed the petition.  From the judgment manifesting these rulings this appeal is prosecuted.

This proceeding is an attempt to obtain a new trial under the provisions of sections 344-518, Civil Code, which apply alone to civil actions and proceedings. These sections cannot be made to apply to criminal cases nor do the authorities cited in the brief of appellant's counsel so hold.

Following his conviction in the court below, and at the same term, appellant made a motion for a new trial pursuant to the provisions of sections 271-273, Criminal

Code, accompanied by the filing of the grounds offered in support thereof. The motion was, however, overruled, and thereafter the appeal prosecuted to this court which resulted, as previously stated, in the affirmance of the judgment. It is argued by counsel for appellant that the judgment of conviction was not final until affirmed by this court on the appeal, for which reason an application for a new trial by petition was permissible at any time before the affirmance of the judgment. This argument is untenable. The judgment of the circuit court, when entered following the overruling of appellant's motion and grounds for a new trial, was final. The appeal could not have been taken unless the judgment had been final, and its effect was merely to suspend the enforcement of the judgment until a decision of the questions raised by the appeal could be decided by the Court of Appeals. Had there been a reversal by the latter court it would have operated to set aside the judgment of the circuit court and resulted in a new trial to the appellant. Its affirmance, however, merely removed the suspensory effect of the appeal and left the judgment unimpaired and still final.

The Civil Code provides two modes of applying for a new trial in civil actions and proceedings. One of these is by motion and grounds filed at the term at which the verdict or decision is rendered, as provided by sections 340-342, inclusive, Civil Code; the other by petition filed after the term, as provided by sections 344-518, Civil Code. But the only provisions of the Code of Practice authorizing the granting of new trials in criminal cases are contained in sections 271-274, inclusive, of the Criminal Code. Section 271 requires that the application for a new trial must be by motion; section 273 that it must be made at the same term at which the verdict is rendered, unless the judgment be postponed to another term, in which case it may be made at any time before judgment; section 274, that the grounds upon which the motion for the new trial is made must be stated in writing and filed at the time of making the motion. The remedy thus afforded by the sections of the Criminal Code, *supra,* is exclusive. It is contemplated by the law that criminal cases are to be speedily disposed of, and therefore the procedure prescribed by the Criminal Code for obtaining a new trial is the only one known to the law.

Hays v. Commonwealth, 140 Ky., 184; Ellis v. Commonwealth, 146 Ky., 715; Bowling v. Commonwealth, 148 Ky., 9, do not, as argued by counsel for appellant, hold that the manner of proceeding in obtaining a new trial on the ground of newly-discovered evidence is the same in a criminal case as in a civil case. They merely declare that the rule as to granting a new trial for newly-discovered evidence is the same in criminal as in civil cases; that is, that a new trial will not be granted in either a criminal or civil case on account of newly-discovered evidence which is merely cumulative, or which only tends to discredit or impeach an opposing witness, but the newly-discovered evidence must be of such a character as to have a preponderating influence upon another trial.

We apprehend that no decision of this court will be found in which it was held that the defendant in a criminal case should be allowed a new trial upon his application therefor by petition filed after the term of the court at which he was convicted and judgment entered showing such conviction, for the Criminal Code provides no such method of procedure. It follows from what we have said that the alleged newly-discovered evidence presented by appellant's petition cannot be considered for any purpose.

The judgment of the circuit court being in accord with the conclusion we have expressed, it is affirmed. Whole court sitting.