## Greer v. Commonwealth.

(Decided September 24, 1915.)

### Appeal from McCracken Circuit Court.

Criminal Law—New Trial—Motion for, When and How Made.—The only provisions of the Code of practice authorizing the granting of new trials in criminal cases are contained in sections 271-274, inclusive, of the Criminal Code. Section 271 requires that the application for the new trial must be by motion; section 273, that it must be made at the same term at which the verdict is rendered, unless the judgment be postponed to another term, in which case it may be made at any time before judgment. Section 274 requires that the grounds upon which the motion for a new trial is made must ·be stated in writing and filed at the time of making the motion. The remedy thus afforded by the sections of the Criminal Code, supra, is exclusive; therefore, one convicted of a crime in the circuit court cannot, by petition, or after the term at which he has been convicted, apply for or obtain a new trial as allowed in civil cases by sections 344-518 of the Civil Code.

S. H. CROSSLAND for appellant.

JAS. GARNETT, Attorney General, and R. T. CALDWELL, Assistant Attorney General, for ·appellee.

Opinion of the Court by Judge Settle.—Affirming.

The appellant, J. K. Greer, was tried and convicted in the McCracken Circuit Court of the crime of voluntary manslaughter, under an indictment charging him with the murder of one Charlie Troutman, and his punishment fixed by verdict of the jury and indeterminate judgment of the court, at confinement in the penitentiary from seventeen to twenty-one years. His motion and grounds for a new trial having been overruled by the circuit court, he prosecuted an appeal from the judgment of conviction to this court, which, by an opinion rendered April 29, 1915, and reported in 164 Ky., at page 396, affirmed the judgment. Thereafter, and within the thirty days

succeeding the decision of the case, he asked and was granted an extension of time to file a petition for a rehearing, but the petition was never filed by him.

After the filing in the circuit court of the mandate of this court, appellant instituted this action in the McCracken Circuit Court seeking the vacation of the judgment of convicton and a new trial, as provided by sections 344-518, Civil Code; resting his right to the relief asked upon the ground of newly discovered evidence, knowledge of which, it was alleged, he did not have and could not, by any sort of diligence have obtained, until after his conviction in the circuit court and its affirmance by this court. Affidavits of the persons through whom the newly discovered evidence was obtained, setting forth the facts constituting the newly discovered evidence, were filed with the petition. After considering the averments of the petition and contents of the affidavits, the circuit court refused to grant appellant the new trial prayed and dismissed the petition. The present appeal is from the judgment of the circuit court refusing the new trial.

The opinion in Wellington v. Commonwealth, 159 Ky., 462, is conclusive of this case. In that case, as in this, there was an attempt to obtain by petition a new trial in a case of conviction for homicide, as authorized in a civil case by the provisions of sections 344-518, Civil Code. The case was considered and the decision concurred in by the whole court. In the opinion it is said:

"The Civil Code provides two modes of applying for a new trial in civil actions and proceedings. One of these is by motion and grounds filed at the term at which the verdict or decision is rendered, as provided by sections 340-342, inclusive, Civil Code; the other by petition filed after the term, as provided by sections 344-518, Civil Code. But the only provisions of the Code of Practice authorizing the granting of new trials in criminal cases are contained in sections 271-274, inclusive, of the Criminal Code. Section 271 requires that the application for a new trial must be by motion; section 273 that it must be made at the same term at which the verdict is rendered, unless the judgment be postponed to another term, in which case it may be made at any time before judgment; section 274, that the grounds upon which the motion for the new trial is made must be stated in writing and filed at the time of making the motion. The remedy thus afforded by the sections of the Criminal Code, *supra,* is ex-

clusive. It is contemplated by the law that criminal cases are to be speedily disposed of, and therefore the procedure prescribed by the Criminal Code for obtaining a new trial is the only one known to the law.  *  *  *  We apprehend that no decision of this court will be found in which it was held that the defendant in a criminal case should be allowed a new trial upon his application therefor by petition filed after the term of the court at which he was convicted and judgment entered showing such conviction, for the Criminal Code provides no such method of procedure. It follows from what we have said that the alleged newly discovered evidence presented by appellant's petition cannot be considered for any purpose."

As well said in the brief of the Assistant Attorney General:

"The contention of appellant's counsel that under this situation nothing can save a condemned man whom after developments show conclusively to be innocent, wholly ignores the pardoning power which is vested in the governor, originally to meet just such emergencies in criminal cases, but which he is powerless to extend to avert the consequences of an erroneous civil judgment."

Manifestly, the only remedy to which the appellant can resort in such a state of case as is here presented, is an appeal to executive clemency.

Judgment affirmed.