Orville Hicks in pro. per.

### Ex parte HICKS.

Circuit Court of Appeals, Ninth Circuit.

July 9, 1938.

WILBUR, Circuit Judge.

The petitioner, who is confined in the California State Prison at Folsom, California, applied to the United States District Court for the Northern District of California for writ of habeas corpus, alleging that his imprisonment was illegal because he was held under the terms of § 1168 of the Penal Code of California, as amended in 1931 (Cal.Stats.1931, p. 1053), whereas, at the time the crime was committed the provisions of § 1168 of the Penal Code of California, enacted August 14, 1929 (Cal. Stats.1929, p. 1930), were in effect, and that the statute of 1929 was less onerous in regard to the indeterminate sentence than that subsequently enacted in 1931, particularly that under the statutes of 1929 the State Board of Prison Directors having once fixed the term of imprisonment could not thereafter increase or diminish the term, whereas, under the amendment of 1931 the term originally fixed by the Board could be increased within the maximum limit fixed for the offense. He alleges that in his case the Board fixed his term at seven years within the maximum term of 15 years, and, subsequently, acting under the amended legislation, the Board increased his term to 12 years.

Petitioner alleges that he has not presented his application for writ of habeas corpus to the state courts because in his opinion such an application would be without avail. The trial court denied petition-

er's application for allowance of appeal because of the provisions of 28 U.S.C.A. § 466, which requires as a condition precedent for the allowance of such an appeal that the Judge shall certify that there is probable cause for the appeal. A similar action is now made to me. It is now well established that a prisoner must exhaust his remedies for release in the state court before applying to the federal court where he is held under state process. The recent decision by this court in Hall v. People of the State of California, 9 Cir., 79 F.2d 132, sets out many of the authorities upon that question. See, also, Phillips v. McCauley, 9 Cir.; 92 F.2d 790. No exceptional circumstances are shown which would have justified the trial court in ignoring this requirement.

The application for leave to appeal and for certificate of probable cause is denied because of the failure of petitioner to exhaust his remedies in the state court before applying in the federal court.