## Sharpe v. Commonwealth.

Oct. 11, 1940.

Chester D. Adams, Judge.

W. Clark Otte, S. Rush Nicholson, Henry S. McGuire and Elmer Drake for appellant.

Hubert Meredith, Attorney General, and W. Owen Keller, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE TILFORD—Affirming.

This is an appeal from a judgment of the Fayette circuit court, overruling appellant's motion for a writ of error coram nobis and dismissing his petition in equity, seeking the same relief.

In his petition appellant alleged his indictment and conviction, following his subsequently repudiated written confession, of the murder of Richard Mutran, which occurred on December 12, 1937; that although wholly innocent, he did not appeal from the judgment sentencing him to life imprisonment, but withdrew his motion for a new trial on the advice of friends; that his confession was extorted through torture, threats, starvation and abuse, which had rendered him irresponsible; and that while he was serving his sentence at the Kentucky State Reformatory, he became acquainted with one Patrick Stevens, a fellow convict, who thereafter, in writing, confessed to having murdered Mutran. Many details of the mistreatment of appellant by the officers who induced him to confess the crime are set forth, together with the exact wording of the confession made by Stevens, and in the concluding paragraph it is alleged that appellant has no adequate remedy at law and that "his only relief is through the courts of equity in granting him a writ of error coram nobis, discharging him from further confinement in the penitentiaries and reformatories of Kentucky." Filed with the petition as exhibits were transcripts of the testimony given by two witnesses at the original trial, together with affidavits bearing upon certain of the defenses asserted by appellant.

The commonwealth demurred to the petition and moved the court to require the appellant to file a transcript of all the testimony given at the trial which resulted in the appellant's conviction. Apparently the

court did not rule upon either the demurrer or motion, but, notwithstanding this fact, appellant filed an amended petition, to which was attached a transcript of the testimony of several of the original witnesses and, by agreement with the commonwealth's attorney, a summary in narrative form of the testimony of the others, thus bringing into the record all the testimony heard upon the original trial, together with affidavits tending to corroborate appellant and indicating that Stevens, who had also repudiated his confession, was possibly guilty.

The commonwealth traversed the material allegations of the petition by an answer in which it affirmatively pleaded that Stevens had retracted all the statements contained in his affidavit and made a written statement under oath to the effect that appellant had promised to pay him a large sum of money and get him a pardon if he would state that he had killed Mutran; that appellant was in fact guilty of the crime for which he had been convicted, and Stevens not guilty; and, in conclusion, that "the petition as amended for the writ of error coram nobis presents no issue and makes no allegation which was not brought into issue at the trial upon which the petitioner was convicted, except that said petition, as amended, seeks to rely upon certain newly discovered evidence and it states that said writ of error coram nobis does not lie and cannot be based upon alleged newly discovered evidence but only to correct an error of fact which does not appear upon the face of the record and it states that there was no such error of fact nor any error at all affecting the validity or regularity of the proceedings by which the petitioner was convicted or which was not brought into issue at the trial thereof."

Filed with the answer was the sworn statement of Stevens referred to and several affidavits tending to show Stevens' innocence, and from time to time other affidavits appear to have been filed, but, because of the confused condition of the record, we are unable to say what proof, if any, the court heard orally. Nor are we able to state upon what ground the court denied the writ, since it did not rule upon the demurrer or deliver an opinion.

But it is unnecessary for us to attempt an analysis

of the testimony, since we have heretofore decided that a writ of error coram nobis lies only "to obtain a new trial because of conditions for which the applicant was in no wise responsible and which made the record in which the complained of judgment was rendered appear regular, proper, and in conformity with law, but which the real facts, as later·presented on application for the writ, rendered the original trial tantamount to none at all, and when to enforce the judgment as rendered would be an absolute denial of justice and analogous to the taking of life or property without due process of law" (Jones case, infra), and that it can never be resorted to in order to obtain the benefit of newly discovered evidence, even if that evidence consists of a confession by another person that he and not the accused committed the crime. See Jones v. Commonwealth, 269 Ky. 779, 108 S. W. (2d) 816 817, to which the reader is referred for an exhaustive discussion of the origin, nature and purpose of the writ, and·also Robertson v. Commonwealth, 279 Ky. 762, 132 S. W. (2d) 69, in which it was pointed out that an appeal for executive clemency is the remedy of· a person convicted of a crime which, after the judgment of the court convicting him has become final, it is shown by subsequently discovered evidence he did not commit. This was evidently the intention of the framers of our Criminal Code of Practice, since they failed to provide any means by which a defendant, after the judgment of conviction had become final, might apply for a new trial on the ground of newly discovered evidence. Montjoy v. Commonwealth, 270 Ky. 470, 109 S. W. (2d) 1209.

The case at bar affords a striking example of the evils which would result were we to distort the original purpose of the writ of coram nobis so as to permit by its use a re-examination of the question of the guilt or innocence of a person convicted of crime where that issue had been determined in a regularly and fairly conducted trial.

Judgment affirmed.