**Ex parte SHARPE.**

No. 235.

District Court, W. D. Kentucky.

Jan. 16, 1941.

W. Clarke Otte and S. Rush Nicholson, both of Louisville, Ky., and Henry S. McGuire, of Lexington, Ky., for plaintiff.

W. Owen Keller, Asst. Atty. Gen., of Kentucky, for Commonwealth of Kentucky.

MILLER, District Judge.

The petitioner Howard Sharpe complains in this application for a writ of habeas corpus that he is unlawfully confined in the Eddyville Penitentiary of the State of Kentucky, to which institution he was committed following a judgment of the Fayette Circuit Court at Lexington, Kentucky.

The petitioner states that on December 12, 1937, one Richard Mutran was murdered in Lexington, Kentucky, that on April 12, 1938, the petitioner was indicted by the Grand Jury of Fayette County, Kentucky, on a charge of murder, that thereafter and prior to April 21, 1938, he was arraigned in the Fayette Circuit Court and entered a plea of not guilty, that on April 21, 1938, the parties announced ready and proceeded to trial, and that following the trial the jury returned a verdict of guilty, fixing the petitioner's punishment at life imprisonment in the State Penitentiary. No appeal was taken to the Court of Appeals of Kentucky from this verdict and judgment, which accordingly became final. On March 30, 1940, the petitioner applied for a writ of coram nobis in the Fayette Circuit Court which was denied by the Judge of that Court on June 20, 1940. The petitioner took an appeal from this ruling, which ruling, however, was affirmed by the Court of Appeals on October 11, 1940, Sharpe v. Com., 248 Ky. 88, 143 S.W.2d 857. Thereafter a petition was presented to the Governor of Kentucky requesting a pardon for the petitioner herein. The Governor denied the application and refused to grant the pardon. This action was then instituted in the United States District Court for the Western District of Kentucky.

Petitioner alleges that he is not guilty of the crime of which he was convicted and complains of the verdict and judgment of the State Court on the following grounds: The Commonwealth introduced in evidence at the trial a confession by the petitioner which he alleges was obtained by coercion, beating, threats, intimidation, starvation and influence of drugs. The petitioner repudiated the confession before the trial. He claims that subsequent to his conviction and while in confinement Patrick Stevens, also in confinement with him for a different offense, confessed that he (Stevens) killed Mutran, which newly discovered evidence was not known to the petitioner and not available at the time of the trial. Stevens has since repudiated his confession claiming that he made it at the instance of the petitioner who told him the details of the crime and promised to secure for him a pardon if he confessed and was sentenced therefor. Petitioner also claims in a general way, without specifying the particular witness involved, that his conviction in the State Court was secured through perjured testimony. The petitioner claims "that said judgment and conviction is in violation of his constitutional rights under Section 5 and 14 of the Constitution of the United States." This is evidently meant to be a reference to the 5th and 14th Amendments to the Constitution of the United States dealing with due process of law and will be so treated.

The hearing of testimony in this proceeding consumed the entire day and went into great detail concerning the facts and circumstances under which the petitioner made his confession and the facts and circumstances under which Stevens repudiated his confession. By reason of the view which we take of the matter it is unnecessary to review this evidence or to make any findings of fact arising from conflicting testimony, except to point out in passing that in our opinion petitioner's claim of perjured testimony in the state trial is entirely unsupported by the evidence. For the purposes of this opinion we are considering the matter from the viewpoint of petitioner's evidence alone.

Jurisdiction to consider this petition is conferred upon the United States District Court by 28 U.S.C.A. §§ 452 and

388

453. However, it is well settled that this jurisdiction is not unqualified but is to be carefully exerted in the exercise of a sound discretion. The due and orderly administration of justice in a State Court is not to be interfered with except in rare cases where circumstances of peculiar urgency are shown to exist. United States v. Tyler, 269 U.S. 13, 17, 46 S.Ct. 1, 70 L.Ed. 138. It follows from that principle of law that orderly procedure requires that before a United States District Court is asked to issue a writ of habeas corpus, in the case of a person held under a State commitment, recourse should be had to whatever judicial remedy is afforded by the State. Baker v. Grice, 169 U.S. 284, 18 S.Ct. 323, 42 L.Ed. 748; Mooney v. Hollohan, 294 U.S. 103, 115, 55 S.Ct. 340, 79 L.Ed. 791, 98 A.L.R. 406; Milliken v. McCauley, 9 Cir., 93 F.2d 645; Ex parte Hicks, 9 Cir., 98 F.2d 116; Cunningham v. Skiriotes, 5 Cir., 101 F.2d 635; United States v. House, 9 Cir., 110 F.2d 797.

■ It is also well settled that in the absence of exceptional circumstances which justify the issuance of such a writ by a lower Federal Court, the petitioner should be required to have the State Court judgment reviewed through proper proceedings by the Supreme Court of the United States. Markuson v. Boucher, 175 U.S. 184, 20 S.Ct. 76, 44 L.Ed. 124; Urquhart v. Brown, 205 U.S. 179, 27 S.Ct. 459, 51 L.Ed. 760; Knewel v. Egan, 268 U.S. 442, 45 S.Ct. 522, 69 L.Ed. 1036; Woolsey v. Best, 299 U.S. 1, 57 S.Ct. 2, 81 L.Ed. 3; Ex parte Jefferson, 9 Cir., 106 F.2d 471.

■ The writ of habeas corpus can not be used as a writ of error. Woolsey v. Best, supra. The foregoing principles are discussed more in detail in another opinion rendered this same day in the matter of Roy Stonefield to which reference is made.

■■ In the present case the petitioner accepted the verdict and judgment of the Fayette Circuit Court and did not even appeal from that judgment to the Court of last resort of Kentucky. All of the evidence pertaining to the involuntary character of his confession, which was given in this proceeding, was also presented to the jury in his state trial under instructions by the Court giving the principles of law applicable thereto. If these instructions were incorrect, or if the State Judge erred in permitting the evidence of the alleged confession to go to the jury, or if the verdict of the jury was against the weight of the evidence, these were matters subject to correction and review by the Court of Appeals of Kentucky. The petitioner had his day in court and was afforded due process of law by the judicial machinery provided by the state government. Failure to take advantage of the judicial machinery provided by the State on account of lack of funds, lapse of time or other personal reason does not dispense with the necessity of so proceeding. Markuson v. Boucher, supra, 175 U.S. 184, 20 S.Ct. 76, 44 L.Ed. 124; United States ex rel. v. Tyler, supra, 269 U.S. 13, 46 S.Ct. 1, 70 L.Ed. 138; Ex parte Melendez, 9 Cir., 98 F.2d 791; McLeod v. Majors, 5 Cir., 102 F.2d 128; Ex parte Novotny, 7 Cir., 88 F.2d 72.

This court is not properly called upon to review the validity of a State court judgment where the defendant voluntarily elects not to have those proceedings reviewed by the State court of last resort.

■ The question of newly discovered evidence presents a different situation. The Criminal Code of Kentucky provides for the granting of a new trial in criminal cases if the defendant has discovered important evidence in his favor since the verdict. Criminal Code of Kentucky, Section 271(6). Under Section 273 the application for a new trial must be made at the same term at which the verdict is rendered. The Court of Appeals of Kentucky has held that an application for a new trial on the ground of newly discovered evidence comes too late if it is not made at the term at which the judgment is rendered, even though the defendant did not know of its existence until the term had expired. Wellington v. Commonwealth, 159 Ky. 462, 167 S.W. 427; Greer v. Commonwealth, 165 Ky. 715, 178 S.W. 1027. But such a state law does not mean that a defendant in a criminal trial has been deprived of his liberty without due process of law. As was pointed out in those cases it is in accord with public policy that criminal cases be speedily disposed of and that a much shorter period of time be provided for the granting of a new trial because of newly discovered evidence in criminal cases than is provided in civil cases, and that any injustice which may result from this can be taken care of by the exercise of the pardon power which is vested in the Governor to meet just such emergencies. In the case of Figueroa v. Saldana, Warden, 1 Cir., 23 F.2d 327, the applicant for a writ of habeas corpus in the District Court of the

United States for the District of Puerto Rico based his application upon the sole ground that another party had confessed to the commission of the crime for which the petitioner was serving a sentence. The denial of the writ by the District Court was affirmed by the Circuit Court of Appeals which held that such facts constituted no basis for judicial action but could be urged as the proper subject for executive clemency.

Petitioner relies upon the three cases of Brown v. State of Mississippi, 297 U.S. 278, 56 S.Ct. 461, 80 L.Ed. 682; Chambers v. State of Florida, 309 U.S. 227, 60 S.Ct. 472, 84 L.Ed. 716, and Jones v. Commonwealth of Kentucky, 6 Cir., 97 F.2d 335. In both the Mississippi and Florida cases the Supreme Court of the United States held that a conviction in a state court obtained upon a confession shown to have been extorted by officers of the State by brutality and violence was not consistent with the due process of law required by the Fourteenth Amendment of the Constitution of the United States. The judgment of conviction was reversed in each case. However, those judgments were upon certiorari to the State Court instead of upon applications in the Federal District Court for writs of habeas corpus. The rulings are accordingly not in conflict with the views expressed in the first part of this opinion. Petitioner had the same right in his state court action to have his conviction reviewed by the Supreme Court as did Brown and Chambers in the two cases referred to. In Jones v. Commonwealth of Kentucky, the United States Circuit Court of Appeals in a habeas corpus proceeding ordered the petitioner discharged from custody under a commitment from the Kentucky Court because the State Court judgment had violated petitioner's constitutional right of due process of law, without requiring that the state court judgment be reviewed by the Supreme Court of the United States. In that case the Court placed emphasis upon the fact that the petitioner had exhausted all state remedies by way of petition for a new trial, appeal, petitions for writ of habeas corpus in the State Court and for a writ of coram nobis. We interpret that decision as being based upon the fact that all state remedies available to the petitioner had been applied for and denied. The present case, lacking petitioner's appeal to the Court of Appeals is therefore materially different. In view of those decisions and the strong statements contained in the opinions we feel that a certificate of probable cause for appeal is justified.

Judgment will be entered dismissing the application for the writ of habeas corpus with certificate of probable cause to be entered.