## Sharpe v. Commonwealth.

Nov. 13, 1942.

Henry S. McGuire and Elmer Drake for appellant.

Hubert Meredith, Attorney General, and W. Owen Keller, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE FULTON—Affirming.

The appellant, Howard M. Sharpe, now serving a life sentence in the state penitentiary at Eddyville following his conviction for murder in the Fayette circuit court, filed a petition for a writ of habeas corpus in the Lyons circuit court. On final hearing the writ was discharged and relief denied. This appeal follows.

After appellant's conviction in the Fayette circuit court (from which he did not appeal) he filed in that court a petition for a writ of error coram nobis seeking a new trial on the ground of newly discovered evidence. He was denied the relief sought in that proceeding and on appeal to this court the judgment was affirmed in Sharpe v. Com., 284 Ky. 88, 143 S. W. (2d) 857. Reference is made to that opinion for an understanding of the background of the matter now before us.

Subsequent to the rendition of that opinion appellant filed a petition for a writ of habeas corpus and a petition for a writ of error coram nobis in the District Court of the United States for the Western District of Kentucky, Ex parte Sharpe, 36 F. Supp. 386. The two proceedings were consolidated. On the trial in that court appellant testified at length that his confession used against him on his trial for murder was obtained by force and duress imposed on him by police officers, a matter fully gone into on the murder trial and submitted to the jury under appropriate instructions. Patrick Stevens, referred to in Sharpe v. Com., supra, was called as a witness and admitted signing a confession of his guilt of the Mutram murder and this confession was introduced in evidence. Stevens, however, repudiated the con-

fession and denied any connection with the murder, saying that appellant induced him to make the confession by promising to give him money and to obtain a pardon for him for the crime for which he was confined in the penitentiary. A young man, Jasper Miller, testified that he saw Stevens at Mutram's filling station about the time the murder was committed. This testimony was weakened to some extent by a somewhat contradictory affidavit he had signed and by other testimony. John I. Messmer, a Louisville police officer, testified as to a conversation he overheard between Guy Maupin, the Lexington police officer who secured appellant's confession of the crime, and another Lexington police officer, in which Maupin, in response to an expression of doubt as to the ability of the officers to make a case against appellant, said, "Hell, we have to make it on him with all this time and money we have spent." This conversation occurred before appellant's confession was obtained and at a time when a dictaphone was being installed in a hotel room in order that Lexington officers might overhear appellant's conversation about the murder.

After hearing the evidence the District Court dismissed the application for a writ of habeas corpus. This ruling was based on procedural grounds and did not go to the merits of the case. An appeal was taken to the Circuit Court of Appeals for the Sixth Circuit and that court affirmed the judgment of the District Court. Sharpe v. Buchanan, 121 F. (2d) 448. The basis of the decision was that appellant had not sought in the state courts a writ of habeas corpus challenging the validity of his trial and sentence and had not shown that corrective judicial process was not available in the state courts.

Following the affirmance in the Circuit Court of Appeals, the present proceeding was instituted and by agreement the evidence heard in the District Court was read as appellant's evidence on the hearing. Thus, it will be seen that appellant, in effect, sought by this habeas corpus proceeding to have the Lyon circuit court set aside the judgment of the Fayette circuit court finding him guilty of murder and grant him a new trial on the ground of newly discovered evidence. The question of law confronting us is as to the propriety of a habeas corpus proceeding for this purpose.

This court has consistently held that the Civil Code provisions for obtaining new trials are not applicable in

criminal cases and that a new trial on the ground of newly discovered evidence cannot be granted in criminal cases after the expiration of the term at which judgment was rendered. Wellington v. Com., 159 Ky. 462, 167 S. W. 427; Greer v. Com., 165 Ky. 715, 178 S. W. 1027. It is rather clearly intimated in those cases that the only avenue open for relief, even where newly discovered evidence clearly indicates that one was erroneously convicted, is application for executive clemency under the pardoning power.

We have also consistently held that no such relief may be had by petition for writ of error coram nobis. Sharpe v. Com., supra, and cases therein cited.

It is apparent, therefore, that an affirmance of the present judgment would close all avenues of judicial process to one seeking a new trial in a criminal case on the ground of newly discovered evidence and leave application for executive clemency the only avenue open to one seeking relief on this ground.

In any event, however, we are firmly convinced that such relief as is sought here should not be granted by habeas corpus proceeding. If it be finally determined by the Federal Courts that due process of law demands that judicial process be available to one seeking relief on this ground, it seems advisable that judicial process other than habeas corpus be made available. With the solution of this problem we are not now immediately concerned.

While it may be necessary and proper for the Federal Courts to extend the scope of habeas corpus in order to give full effect to the due process clause of the 14th Amendment to the Federal Constitution, and this seems to be the tendency, we deem it advisable to confine the scope of such proceedings within rather narrow limits. Under our system of procedure, it would be unseemly to vest power in one circuit court to annul, or refuse to give effect to, the valid judgment of another circuit court. Equally unseemly, it appears to us, would be the vesting of power in one circuit court to grant a new trial of an action which had been tried in another circuit court.

Under the Civil Code new trials may be granted for any cause only in the circuit court which rendered the judgment and where new trials may be granted in crim-

inal cases under the Criminal Code, only the court in which the trial was held may grant the new trial. It seems advisable that the circuit courts should continue to be confined within these limitations.

Of course, where one is held under a void judgment, relief may be obtained by habeas corpus but it is not a corrective remedy and is not applicable generally where relief could be procured by resort to another general remedy—the proceeding is collateral and implies a challenge of jurisdiction. Hageman v. Kirkpatrick, Jailer, 283 Ky. 798, 143 S. W. (2d) 506; Smith v. Buchanan, 291 Ky. 44, 163 S. W. (2d) 5; 25 A. J. 155.

Our disposition to confine the use of habeas corpus within narrow limits and relegate one seeking a new trial on any ground to other more appropriate procedure is well illustrated by the decision in Smith v. Buchanan, supra, in which we held that habeas corpus will not lie to correct errors which were hidden and unknown to the court and the defendant at the time of rendering judgment, but lies only where the record shows the judgment was void. There, the petitioner sought relief by habeas corpus from a judgment claimed to be void by reason of an error unknown to the court and the defendant during the trial and at the time judgment was rendered. It was held that relief in such a case was obtainable by petition for a writ of error coram nobis and not by habeas corpus.

We deem it advisable to adhere to this policy of restricting the use of habeas corpus within narrow limits. If judicial process must be made available to one seeking relief in the nature of a new trial from a judgment valid on the face of the record, the procedure should most certainly be by direct application for a new trial to the court which rendered the judgment rather than by resort to habeas corpus.

Judgment affirmed.