## SHARPE v. COMMONWEALTH OF KENTUCKY.

No. 8909.

Circuit Court of Appeals, Sixth Circuit.

June 4, 1943.

Appellant not represented by counsel.

W. Owen Keller, Asst. Atty. Gen. of Ky. (Hubert Meredith, Atty. Gen. of Ky., and W. Owen Keller, Asst. Atty. Gen. of Ky., on the brief), for appellee.

Before HICKS, SIMONS, and MARTIN, Circuit Judges.

SIMONS, Circuit Judge.

Upon remand of the above cause for further proceedings in pursuance of the memorandum opinion of the Supreme Court in Sharpe v. Buchanan, 317 U.S. 238, 63 S.Ct. 245, 87 L.Ed. ——, it becomes necessary to consider the problem upon the original record and the briefs and argument of counsel, since no supplemental record or briefs have been filed and no additional argument submitted when the cause was set for rehearing.

The appellant is serving a life sentence in a Kentucky penitentiary, by reason of a judgment of the Fayette Circuit Court at Lexington, responding to a jury verdict of guilty on the charge of murder. He filed in the court below a petition for a writ of habeas corpus alleging his conviction in the state court to be in violation of rights preserved by the Fifth and Fourteenth Amendments, because it was obtained by the Commonwealth on perjured evidence and an extorted confession, and because denied relief therefrom in the Kentucky courts, when newly discovered evidence showed the killing for which he was tried to have been done by another. The District Judge to whom the petition was addressed went at great length into the circumstances upon which it was based, but made no findings of fact upon conflicting testimony because he was of the view that he had no power to entertain the petition when remedies available to the petitioner under the law of the Commonwealth of Kentucky were not yet exhausted. On appeal we agreed. Sharpe v. Buchanan, 6 Cir., 121 F.2d 448. We there observed that the appellant, not having sought in the state courts a writ of habeas corpus challenging the validity of his trial and sentence, a writ would not lie to attack the state judgment unless it be shown that corrective judicial process was not there available, upon the authority of Mooney v. Holohan, 294 U.S. 103, 55 S.Ct. 340, 79 L.Ed. 791, 98 A.L.R. 406. No such showing being made, we affirmed the judgment.

Subsequently, upon a petition for rehearing, it was represented to us that an application for habeas corpus had been filed in the state court after we had rendered judgment, but it also appearing that an appeal from an adverse decision thereon was still pending in the Kentucky Court of Appeals, we denied the rehearing petition on the ground that we could not assume that the Kentucky Court would decide the appeal adversely to the petitioner. Certiorari to the Supreme Court of the United States was then sought. While the petition therefor was pending the Kentucky Court of Appeals affirmed the state court's order denying habeas corpus, Sharpe v. Commonwealth, 292 Ky. 86, 165 S.W.2d 993. Upon that decision being certified or called to its attention, the Supreme Court concluded that the obstacle to a consideration of the merits of the petitioner's application which we had encountered, was now removed. It therefore vacated our judgment and remanded the case to us for such further proceedings as we may deem appropriate.

The history of the case is reviewed in the careful opinion of the District Court, Ex parte Sharpe, 36 F.Supp. 386. It is necessary to recite the more salient facts therein appearing. On December 12, 1937, one Richard Mutran was murdered in Lexington, Kentucky. On April 12, 1938, the appellant was indicted by a grand jury on a charge of committing the murder, pleaded not guilty, and upon trial the jury returned a verdict of guilty, fixing the petitioner's punishment at life imprisonment. No appeal was taken from the verdict and judgment. Two years later petitioner applied for a writ of coram nobis in the Fayette Circuit Court. From a ruling denying the petition an appeal was taken to the Kentucky Court of Appeals which affirmed the judgment, Sharpe v. Com., 284 Ky. 88, 143 S.W.2d 857. A petition to the governor of Kentucky for pardon was thereafter denied. The petition for writ of habeas corpus to the United States District Court for the Western District of Kentucky followed.

In the petition it is alleged that the appellant is not guilty of the crime of which he is convicted; that the Commonwealth had introduced in evidence at the trial a confession obtained by coercion, beating, threats, intimidation, starvation, and influence of drugs; that the petitioner had repudiated the confession before the trial; that the Commonwealth had introduced against him perjured evidence, and that subsequent to his conviction, and while in confinement, one Patrick Stevens, a fellow prisoner, had confessed that he and not the appellant had killed Mutran, which newly discovered evidence was not known to the appellant and not available to him at the time of trial.

The District Judge, upon a painstaking exploration into controlling authority, arrived at the conclusion that he could not issue the writ at the prayer of a person held under a state commitment unless recourse had first been had to whatever judicial remedies the state afforded. He relied upon Baker v. Grice, 169 U.S. 284, 18 S.Ct. 323, 42 L.Ed. 748; Mooney v. Holohan, supra, and a number of cases in the Circuit Courts of Appeal. It was also his conclusion that even were state court remedies exhausted, a lower Federal Court should not issue the writ but the petitioner should be required to have the state court judgment reviewed, through proper proceedings, by the Supreme Court of the United States. This was in reliance upon Markuson v. Boucher, 175 U.S. 184, 20 S.Ct. 76, 44 L.Ed. 124; Urquhart v. Brown, 205 U.S. 179, 27 S.Ct. 459, 51 L.Ed. 760; Knewel v. Egan, 268 U.S. 442, 45 S.Ct. 522, 69 L.Ed. 1036; Woolsey v. Best, 299 U.S. 1, 57 S.Ct. 2, 81 L.Ed. 3. In respect to errors at the trial, it was his conclusion that the writ of habeas corpus could not be used as a writ of error to review the validity of the state court judgment where the defendant voluntarily had elected not to have the proceedings reviewed by the state court of last resort. On the question of newly discovered evidence he recognized and applied the provisions of the Criminal Code of Kentucky, § 271(6), § 273, which require that an application for new trial must be made at the same term at which the verdict is rendered, and that this had been held to apply even though the defendant did not know of the existence of such evidence until the term had expired, Wellington v. Commonwealth, 159 Ky. 462, 167 S.W. 427; Greer v. Commonwealth, 165 Ky. 715, 178 S.W. 1027.

We assume that the decision of the Supreme Court in Sharpe v. Buchanan, Warden, supra, implies no error in the court below in refusing to entertain the petition while state court remedies were still available to the petitioner, nor in our affirmance on that ground. We must also assume, by reason of the remand, that no obstacle to a consideration of the merits of the petitioner's application appears in his

failure to take an appeal from the court of last resort of Kentucky which affirmed the denial of his petition in the state court for writ of habeas corpus. This assumption is supported by the language of Mooney v. Holohan, supra [294 U.S. 103, 55 S.Ct. 343, 79 L.Ed. 791, 98 A.L.R. 406], where it was said that before a prisoner applies to the Federal Courts for habeas corpus "recourse should be had to whatever judicial remedy afforded by the state may still remain open," and this notwithstanding the decision in Urquhart v. Brown, supra, where it was held that the petitioner should have appealed from the denial of his petition by the State Supreme Court to the Supreme Court of the United States, and that in Markuson v. Boucher, supra, where it was ·held to be immaterial that a defendant was too poor to appeal to the United States Supreme Court. When the memorandum opinion in the instant case was announced, the time permitted for appeal from the judgment of the Kentucky Court of Appeals, as provided by § 350, 28 U.S.C.A., had not yet run. Had such appeal been the only course available by which to question the validity of the judgment, it may be concluded that the cause would not have been remanded to us for further proceedings. Moreover, the court has, on occasion, been careful to assume that a Federal Court may issue a writ of habeas corpus to inquire into the cause of detention of any person asserting that he is being held in custody by the authority of a state court in violation of the Constitution, if such writ is issued in the exercise of a sound discretion where exceptional circumstances of peculiar urgency are shown to exist, United States v. Tyler, 269 U.S. 13, 17, 46 S.Ct. 1, 70 L.Ed. 138. Although the court has never catalogued such circumstances, we found them to exist in Jones v. Kentucky, 6 Cir., 97 F.2d 335, where (1) the sentence was death, (2) the defendant had not been given a reasonable opportunity to prepare for trial, and (3) the Commonwealth conceded belatedly, though not too late, that its material evidence was perjured.

With these authorities in mind we have carefully reviewed the record in the instant case to ascertain whether a case is presented that permits intervention by a Federal Court to set aside a state court judgment already reviewed upon a similar petition by the court of last resort of the Commonwealth of Kentucky. Viewing the status of the petitioner as it then was under the law, the court below considered it unnecessary to make findings upon controverted evidence and made none, except to point out in its opinion that the allegations of the petition that the appellant's conviction had been secured through perjured testimony, were general, specifying no particular witness involved, and were entirely unsupported by evidence. There remain, however, allegations that the verdict was a nullity because procured by an extorted confession, and allegations of newly discovered evidence purporting to establish the appellant's innocence.

Upon the first point it must now be assumed, in the light of the recent cases of Anderson v. United States, 318 U.S. 350, 63 S.Ct. 599, 87 L.Ed. ——, and McNabb v. United States, 318 U.S. 332, 63 S.Ct. 608, 87 L.Ed. ——, decided by the Supreme Court on March 1, 1943, that if such duress as is here charged were, in the view of an appellate court, established in respect to a confession submitted at a trial in any court of the United States, notwithstanding findings by both trial court and jury that the confession was voluntary, a conviction based thereon would be set aside. This result would follow without consideration of constitutional validity but in the exercise by appellate courts of judicial supervision of administration of criminal justice. It was recognized, however, in the McNabb case, that in review of state action expressing the notion of the state as to what will best further its own security in the administration of criminal justice, appropriate respect must be paid to the deliberative judgment of the state in so basic an exercise of its jurisdiction. It becomes necessary, therefore, to inquire whether evidence that the appellant was convicted upon a forced confession sustains allegations in that respect. The issue as to the voluntary character of the confession was submitted to a jury. Its verdict, under competent instruction, must, except in the most unusual case, be taken to be as the courts of Kentucky would treat it, final and conclusive upon the subject. We go no further than to say that evidence submitted at the trial or later discovered, that would warrant a District Judge in overriding a state court judgment in respect to the voluntary character of a confession, must needs be so clear and convincing as to leave no reasonable doubt in the mind of the court that the petitioner was convicted

in denial of his constitutional immunity from self-incrimination. The court below received the evidence upon this controverted fact and observed the demeanor of witnesses. We should have its findings upon this disputed issue.

The same is true of the alleged confession of Stevens, that he, and not the appellant, committed the murder. Stevens has repudiated his confession. He explained that it was procured upon promise by the appellant of monetary reward and aid in obtaining a pardon. There is a suggestion, however, that Stevens' repudiation itself may have been induced by threat or intimidation. The court which saw and heard the witnesses had advantage superior to ours for ascertaining the truth. We should, upon this controverted issue, likewise have its findings.

There remains the final question as to whether the court is precluded by the time limitation of the Kentucky Code upon motions for new trial based upon newly discovered evidence from considering the validity of the state court judgment. The question involved, upon petition for writ of habeas corpus, is whether the petitioner's constitutional rights have been invaded. We think inquiry in that respect may not be foreclosed by local technical limitations upon motions for new trial. They are basic rights under fundamental and statutory Federal law. As we said in Jones v. Kentucky [97 F.2d 338], where constitutional rights were asserted, "the appellant is not to be sacrificed upon the altar of a formal legalism too literally applied."

Reversed and remanded for further proceedings consistent herewith.