## DAWSETT v. BENSON.
### No. 10206.

Circuit Court of Appeals, Sixth Circuit.

Aug. 5, 1946.

---

William Dawsett, of Marquette, Mich., in pro. per., for appellant.

John R. Dethmers, Edmund E. Shepherd, Perry A. Maynard, and Daniel J. O'Hara, all of Lansing, Mich., for appellee.

Before SIMONS, ALLEN, and MILLER, Circuit Judges.

MILLER, Circuit Judge.

The appellant, William Dawsett, appeals from an order of the District Court denying his petition for a writ of habeas corpus. 28 U.S.C.A. §§ 452, 453, 466.

The petition, filed in the United States District Court for the Western District of Michigan, states that the petitioner was sentenced on June 7, 1934 by the Washtenaw County Circuit Court of Michigan to serve a recommended maximum sentence of not more than two years for the crime of forgery, punishable by not more than 14 years, and was confined at Jackson Prison; that on February 6, 1936 he was released to the Warden of Jackson Prison on a release order made upon the direction of the Governor of Michigan which provided that the petitioner was released on parole "in custody of the warden for delivery to the sheriff of Little Valley, New York (Cattaraugus County), if and when called for. If not wanted this parole is null and void. In event indictment is nolle prossed or dismissed, inmate must communicate with Parole Department and take up a parole for an indefinite period"; that thereafter he was released by the warden as directed to the New York officers who returned him to Little Valley, Cattaraugus County, New York; that on February 21, 1936, in the County Court of Cattaraugus County, New York, he entered a plea of guilty to the indictment referred to in the conditional release order which charged him with the crime of grand larceny in New York State and the Cattaraugus County Court accepted said plea of guilty and thereupon suspended the imposition of sentence "on condition that the defendant meet the requirements imposed upon him by the Michigan

Parole Board, and upon the further condition that restitution be made to Dr. Forbes of Olean for damages to a car of the sum of $85 with interest to be paid on or before June 1, 1936"; that following his release in the State of New York he went to Illinois and later returned to Michigan; that on February 18, 1937 he was returned to a Michigan prison for an alleged violation of the extant parole; that he was thereafter several times released and in each instance again returned for alleged violations of the extant parole on warrants ordered issued by the Michigan Commissioner of Pardons and Paroles, and that his present confinement was in the State House of Corrections and Branch Prison at Marquette, Michigan, of which the appellee Benson was the warden, under a warrant dated January 20, 1942. The petition also alleged that the petitioner had exhausted all his legal remedies in the State of Michigan under state law by virtue of having been denied a writ of habeas corpus in the Michigan Supreme Court on June 4, 1945, a copy of which ruling was made a part of the petition, and then concluded with the allegation that his present confinement and restraint was illegal and contrary to law in that either (1) his release to the New York authorities was a complete relinquishment of the jurisdiction of Michigan authorities over him to further confine him upon the sentence for forgery or to imprison him for violation of the extant parole, or (2) the said release was a conditional pardon, the conditions of which had been completely fulfilled upon petitioner's conviction for grand larceny in the State of New York. The respondent's answer denied some of the allegations and conclusions of law, but admitted the material facts as above stated. It pleaded as a further bar to the relief prayed for that all the issues contained in the petition were decided by the Michigan Supreme Court during the June term 1945 in the proceeding referred to in the petition, wherein the petitioner sought and was denied a writ of habeas corpus, from which ruling the petitioner had taken no appeal nor applied to the United States Supreme Court for certiorari, said proceeding being styled In re Dawsett and being reported in 311 Mich. 588, 19 N.W.2d 110.

The District Judge ruled that since no appeal had been taken or certiorari applied for to the United States Supreme Court from the ruling of the Michigan Supreme Court above referred to, the petitioner had not exhausted the state remedies available to him, and accordingly denied the petition for the writ. No hearing was held or ruling given on the merits.

The ruling of the District Judge is supported by numerous decisions of the Supreme Court and of this Court. Tinsley v. Anderson, 171 U.S. 101, 104-5, 18 S.Ct. 805, 43 L.Ed. 91; Urquhart v. Brown, 205 U.S. 179, 27 S.Ct. 459, 51 L.Ed. 760; United States ex rel. Kennedy v. Tyler, 269 U.S. 13, 46 S.Ct. 1, 70 L.Ed. 138; Woolsey v. Best, 299 U.S. 1, 57 S.Ct. 2, 81 L.Ed. 3; Ex parte Abernathy, 320 U.S. 219, 64 S.Ct. 13, 88 L.Ed. 3; McCrea v. Jackson, 6 Cir., 148 F.2d 193; Rowan v. People, 6 Cir., 147 F.2d 138.

■ Some question may have been raised by the ruling of the Supreme Court in Sharpe v. Buchanan, 317 U.S. 238, 63 S.Ct. 245, 87 L.Ed. 238, as to whether the rule has been recently modified so as to no longer require a review by the Supreme Court of an adverse ruling of the court of last resort of the State in which state remedies were being availed of. In that case the Supreme Court permitted habeas corpus proceedings to be prosecuted in the Federal District Court after the Kentucky Court of Appeals affirmed the order of the state circuit court denying habeas corpus, without any review of such judgment of the Kentucky Court of Appeals by the Supreme Court having been taken or applied for. However, a review of the litigation following the conviction of Sharpe in the state court and a consideration of subsequent rulings of the Supreme Court in other cases shows that the ruling was due to the particular circumstances involved in that case and did not change in any way the long and well established previous rule. We refer to the following decisions in the Sharpe case: Ex Parte Sharpe, D.C., 36 F.Supp. 386; Sharpe v. Buchanan, 6 Cir., 121 F.2d 448, rehearing denied, 6 Cir., 133 F.2d 100; Sharpe v. Commonwealth, 284 Ky. 88, 143 S.W.2d 857; Sharpe v. Com-

monwealth, 292 Ky. 86, 165 S.W.2d 993; Sharpe v. Commonwealth, 6 Cir., 135 F.2d 974; Sharpe v. Commonwealth, 6 Cir., 142 F.2d 213. The Kentucky Court of Appeals in affirming the judgment of the trial court denying habeas corpus (292 Ky. 86, 165 S.W.2d 993) based its decision on the provisions of the Kentucky Criminal Code and the rule that a writ of habeas corpus in one state circuit court was not the proper remedy to obtain a new trial from a judgment of conviction in another state circuit court. No federal question was involved. The decision was a final one and not subject to review by the Supreme Court. No application for review by the Supreme Court was necessary in order to exhaust all available state remedies. But where the state court passes on the merits and a federal question is involved, a review, or application for a review, by the Supreme Court is necessary in order to exhaust the available state remedies. The two situations are well presented by the two later Supreme Court cases of Ex parte Hawk, 321 U.S. 114, 64 S.Ct. 448, 88 L.Ed 572, and House v. Mayo, 324 U.S. 42, 65 S.Ct. 517, 521, 89 L.Ed. 739. In House v. Mayo the Court, in referring to the effect of a review by the Supreme Court of a state court ruling said: "But that rule is inapplicable where, as here, the basis of the state court decision is that the particular remedy sought is not one allowed by state law, for in such a case this Court lacks jurisdiction to review the decision." Subsequently, in White v. Regan, 324 U.S. 760, 65 S.Ct. 978, 981, 89 L.Ed. 1348, the Court referred to its previous rulings in Ex parte Hawk and House v. Mayo and stated the applicable rule in full as follows:

"Where the highest state court in which a decision could be had, considers and adjudicates the merits of a petition for habeas corpus, state remedies, including appellate review, are not exhausted so as to permit the filing of a petition for habeas corpus in a federal District Court, unless the federal question involved is presented to this Court on certiorari or appeal from the state court decision. Ex parte Hawk, supra, 321 U.S. 116-117, 64 S.Ct. 449, 88 L.Ed. 572.

"If this Court denies certiorari after a state court decision on the merits, or if it reviews the case on the merits, a federal District Court will not usually re-examine on habeas corpus the questions thus adjudicated. Ex parte Hawk, supra, 321 U.S. 118, 64 S.Ct. 450, 88 L.Ed. 572. But where the decision of the state court is that the remedy of habeas corpus is not available under the state practice, or its decision is based upon some other adequate non-federal ground, it is unnecessary for the petitioner to ask this Court for certiorari in order to exhaust his state remedies, since we would lack jurisdiction to review the decision of the state court; and the denial of certiorari by this Court would not preclude a District Court from inquiring into the federal question presented to, but not considered by, the state court. See House v. Mayo, supra [324 U.S. 48], 65 S.Ct. 521 [89 L.Ed. 739]."

█ The appellant herein neither took, nor applied for, an appeal to the United States Supreme Court from the ruling of the Michigan Supreme Court. That Court passed on the merits of the case, involving the same facts as are now again presented in this case. The petitioner claims in this proceeding that his present confinement under those facts is in violation of his rights under the 14th Amendment and also in violation of his rights under the extradition provisions of the United States Constitution and the Federal Statutes. Art. 4, § 2, U.S. Constitution; § 662, Title 18 U.S.C.A. The ruling in White v. Regan, supra, accordingly controls. The appellant has failed to exhaust the available state remedies and the District Judge correctly denied his petition for the writ.

The judgment of the District Court is affirmed.