**UNITED STATES of America ex rel. Edward A. ANDERSON, Petitioner-Appellant,**

v.

**Frank J. PATE, Warden, Respondent-Appellee.**

**No. 16685.**

United States Court of Appeals
Seventh Circuit.
Dec. 6, 1968.

Matthew J. Iverson, Chicago, Ill., for appellant.

William G. Clark, Atty. Gen., Robert F. Nix, Asst. Atty. Gen., Chicago Ill., John

J. O'Toole, Asst. Atty. Gen., of counsel, for appellee.

Before CASTLE, Chief Judge, MAJOR, Senior Circuit Judge, and FAIRCHILD, Circuit Judge.

CASTLE, Chief Judge.

This is an appeal from the district court's dismissal of petitioner's petition for writ of habeas corpus, in which he alleged that at his state trial for murder, where he was represented by counsel, the court did not sufficiently explain the consequences of pleading guilty, as he did, to the charge. Petitioner claimed that there was no transcript of the criminal trial proceedings and that the only evidence contradicting his contention is a printed, stamped entry on the docket sheet, stating that he had been "fully advised and admonished by the court of the consequences of his said plea of guilty and still persists therein."

The state opposed the petition in the district court on the ground that petitioner had not exhausted his state remedies. Indeed, it is uncontested that, at the time the district court heard the petition, petitioner had not pursued his claim in a state habeas corpus proceeding. In fact, petitioner's counsel at oral argument stated that the district court was not in error in dismissing the petition at the time it did so, but relied on the fact that, after the dismissal by and unbeknown to the district court, petitioner had filed a state habeas corpus petition in which he made the same allegations as were made in the district court. In the state habeas corpus proceeding the court appointed counsel for petitioner, and after a full evidentiary hearing denied the petition.

Thus, petitioner claims that at the present point in time he has exhausted all state remedies and, therefore, we should remand the case to be heard on its merits. We disagree. We can see no advantage to either party which could be gained by a remand. At the time the case was before the district court, petitioner had not yet exhausted his state remedies. The petition was therefore properly dismissed.

If petitioner has now exhausted all of his state remedies, he is free to file another petition for writ of habeas corpus in the district court, which will then be determined upon its merits. Counsel urges that since petitioner has recently been released on parole, a dismissal would require him to file his new petition in a federal district court other than the one below,[1] with a consequent change of attorneys. Although there is a possibility of inconvenience to petitioner, we perceive no detriment which would warrant a deviation from orderly procedure and compel the remand of a case in which no error occurred.

The dismissal of the petition is therefore affirmed.

The Court expresses its appreciation to attorney Matthew J. Iverson, a member of the Chicago, Illinois bar, for his services on appeal as court-appointed counsel for the petitioner.

Affirmed.

---

1. Petitioner resides in a different federal district. See 28 U.S.C. § 2241.