Joseph S. SALAMA, Appellant,

v.

COMMONWEALTH OF VIRGINIA,
Appellee.

No. 78–6588.

United States Court of Appeals,
Fourth Circuit.

Argued May 9, 1979.

Decided Oct. 5, 1979.

K. Dennis Sisk, Richmond, Va. (John B. Vinson, Hunton & Williams, Richmond, Va., on brief), for appellant.

Jerry P. Slonaker, Asst. Atty. Gen., Richmond, Va. (Marshall Coleman, Atty. Gen., Richmond, Va., on brief), for appellee.

Before FIELD, Senior Circuit Judge, and WIDENER and HALL, Circuit Judges.

FIELD, Senior Circuit Judge:

On March 24, 1978, Joseph J. Salama, was convicted in the Circuit Court of Fairfax County, Virginia, of statutory rape and distribution of a controlled drug, and on June 8, 1978, he filed a petition for habeas corpus relief in the Eastern District of Virginia. The Commonwealth filed a motion to dismiss upon the ground that the petitioner had failed to exhaust his available state remedies, alleging that he had instituted no state habeas corpus proceedings and that his petition for a direct appeal to the Supreme Court of Virginia was still pending. On July 18, 1978, the district court, citing *Slayton v. Smith,* 404 U.S. 53, 92 S.Ct. 174, 30 L.Ed.2d 209 (1971), dismissed the petition without prejudice for failure to exhaust state remedies. The petitioner had filed various other motions, and on July 25, 1978, the district court entered an order in which it stated that "[i]n the light of the repetitiousness of petitioner's complaints this Court will not entertain further habeas cor-

pus petitions until he submits documentation of exhaustion." Meanwhile, by order entered on July 24, 1978, the Supreme Court of Virginia denied Salama's petition for appeal. Salama, however, made no tender of this order to the district court, nor otherwise assert that his state appeal had been concluded. Instead, on August 8, 1978, he filed a notice of appeal from the order of dismissal which had been entered on July 18th.

On appeal, counsel for Salama concedes that the district court acted properly in dismissing the petition. However, he urges upon us that since Salama's state remedies have now been exhausted, we should remand the case to the district court for further proceedings rather than affirm the order of dismissal. We, however, are inclined to agree with the Commonwealth that such a disposition of the appeal would be inappropriate.

First of all, as we have stated, the order of the Virginia Supreme Court was never filed in the district court and for us to consider it at this stage would be facially at odds with Rule 10(e) of the Federal Rules of Appellate Procedure. *See United States ex rel. Kellogg v. McBee,* 452 F.2d 134 (7 Cir. 1971). And even assuming that we should take judicial notice of the records of the Virginia Court, the "short-form" disposition of Salama's state appeal in itself sheds little light on the issue of exhaustion. To make that determination requires an examination of Salama's petition in his state appeal, including any relevant papers filed therewith, to ascertain whether the claims set forth in his federal petition have, in fact, been presented to the state forum. In our opinion this determination on the issue of exhaustion is a matter which logically and appropriately should be made by the district court.

Since the petition was properly dismissed, the order of the district court is affirmed. *See Fuller v. State of Florida,* 473 F.2d 1383 (5 Cir. 1973); *United States ex rel. Anderson v. Pate,* 404 F.2d 21 (7 Cir. 1968).[1]

AFFIRMED.

1. Our disposition of this appeal is not at odds with the Supreme Court's per curiam decision in *Sharpe v. Buchanan,* 317 U.S. 238, 63 S.Ct. 245, 87 L.Ed. 238 (1942), a case which had a unique and tortuous procedural history. Following his murder conviction in a Kentucky state court, Sharpe filed a petition for a writ of error coram nobis seeking a new trial on the ground of newly discovered evidence. The trial court denied his petition and the judgment was affirmed in *Sharpe v. Commonwealth,* 284 Ky. 88, 143 S.W.2d 857. Thereafter, Sharpe filed a petition for a writ of habeas corpus in the United States District Court which, after hearing, was denied. Upon appeal, the Sixth Circuit affirmed the district court upon the ground that the petitioner had not exhausted the remedies available to him under Kentucky law by seeking a writ of habeas corpus in the state courts. Following this affirmance in the court of appeals, and while a petition for certiorari was pending in the Supreme Court, Sharpe filed a petition for a writ of habeas corpus in the state court. Relief was denied and, upon appeal, the Court of Appeals of Kentucky affirmed, holding that under Kentucky procedure the relief sought by Sharpe was not obtainable by habeas corpus. *Sharpe v. Commonwealth,* 292 Ky. 86, 165 S.W.2d 993 (1942). The Supreme Court, taking judicial notice of the Kentucky Court's decision, granted certiorari and remanded the case to the Sixth Circuit for further proceedings, with the observation that "[i]t thus appears that this obstacle to a consideration of the merits of petitioner's application, which the circuit court of appeals encountered, has now been removed." 317 U.S., at 239, 63 S.Ct., at 246, *supra.*

The Court's recognition that, under the Kentucky Court's decision, the relief sought by Sharpe was not obtainable by habeas corpus in the Kentucky state courts as a matter of law, is quite different from Salama's case where, as we have noted, the question of exhaustion depends only upon whether the claims in Salama's federal petition have been presented to the state court.