846 F.2d 72
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Michael C. MILLER, Petitioner-Appellant,
v.
James MARTIN, Governor of State, Aaron Johnson, Secretary,
North Carolina Department of Corrections, G.W. Brown,
Superintendent, Yadkin Prison Unit, Lacy Thornburg, Attorney
General of the State of North Carolina, Respondents- Appellees.
 No. 87-6646.
 United States Court of Appeals, Fourth Circuit.
 Submitted Dec. 21, 1987.
Decided April 15, 1988.
 
 Michael C. Miller, appellant pro se.
 Lacy H. Thornburg, Attorney General, Barry Steven McNeill, Assistant Attorney General, for appellees.
 Before DONALD RUSSELL, MURNAGHAN, and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Michael C. Miller has moved for a certificate of probable cause to appeal the district court's dismissal of his federal habeas corpus petition for failing to exhaust state remedies. He has also moved for leave to appeal in forma pauperis, for bail pending appeal, for appointment of counsel, and for leave to submit additional documents.
 
 
 2
 The district court correctly dismissed Miller's petition, as at the time of the dismissal, the North Carolina Supreme Court had not yet ruled on any of Miller's claims. Strader v. Allsbrook, 656 F.2d 67, 67-68 (4th Cir.1981). The North Carolina Supreme Court acted on Miller's petition for discretionary relief after the district court dismissed his federal habeas corpus petition but before the court denied Miller's petition for rehearing. Even if this denial were sufficient to satisfy the exhaustion requirement, however, a remand to the district court would be inappropriate. When state remedies appear to have been exhausted while the petitioner's appeal of the district court's dismissal is pending, the appropriate action is to affirm the district court's dismissal and require the petitioner to refile. See Salama v. Virginia, 605 F.2d 1329, 1330 (4th Cir.1979). A remand is also inappropriate when, as in this case, the district court was never presented with the evidence showing that state remedies may have been exhausted.
 
 
 3
 We deny Miller's motion for appointment of counsel, as the exhaustion issue in his case is not complex and the interests of justice do not require appointment of counsel to argue it. See 18 U.S.C. Sec. 3006A(a)(2)(B). We also deny Miller's request for bail pending appeal, as he has shown no exceptional circumstances to justify granting such a request, especially in view of the fact that the district court correctly ruled that he had not exhausted state remedies. See Lucas v. Hadden, 790 F.2d 365, 367 (3d Cir.1986); Eaton v. Holbrook, 671 F.2d 670, 671-72 (1st Cir.1982); Glynn v. Donnelly, 470 F.2d 95, 98 (1st Cir.1972).
 
 
 4
 To summarize, we grant Miller's motion for leave to appeal in forma pauperis. We deny his motions for a certificate of probable cause, for appointment of counsel, and for bail pending appeal. We grant his motion for leave to file additional documents insofar as those documents do not duplicate matters already in the record on appeal. We dispense with oral argument because the facts and legal arguments are adequately presented in the record and oral argument would not significantly aid the decisional process.
 
 
 5
 DISMISSED.