### Petition of WILSON.
### Civ. A. No. 181.

District Court, W. D. Michigan, N. D.
Oct. 10, 1946.

John Wilson, in pro per.

Perry A. Maynard, Asst. Atty. Gen. for defendant, Gerald F. Bush.

STARR, District Judge.

On May 28, 1946, petitioner John Wilson was granted leave to file petition for writ of habeas corpus in forma pauperis. In his petition he alleged in substance that he was illegally imprisoned as a parole violator in the branch State prison at Marquette; that the warrant under which he had been arrested and returned to the State of Michigan as a parole violator was illegal and void; and that his arrest, return, and imprisonment were in violation of his constitutional rights. The attorney general of the State, on behalf of the warden of the branch prison, filed motion to dismiss the petition on the ground, among others, that the petitioner had not sought and exhausted his remedy in the State courts.

It appears from the petition and motion that Wilson was convicted of a felony in the circuit court for Monroe county, Michigan, in August, 1929, and was sentenced to serve a term of 6 months to 10 years in the State reformatory at Ionia; that he was paroled in January, 1930, but violated his parole and was returned to prison as a parole violator in June, 1930; that in December, 1930, he was paroled to officers in his native State of New York for a period of one year; and that he violated this parole by absconding and leaving for parts unknown about March, 1931. In May, 1931, a warrant was issued for petitioner's arrest as a parole violator, but apparently this warrant was never served. In 1943 another warrant was issued, and he was arrested in the State of Kansas and returned to the Ionia reformatory as a parole violator. He was subsequently transferred to the State prison of southern Michigan at Jackson, and later to the branch State prison at Marquette.

It appears that in September, 1944, Wilson filed a petition in the circuit court for Jackson county, Michigan, for a writ of habeas corpus, alleging that his arrest and imprisonment as a parole violator were illegal and invaded his constitutional rights. This petition was denied in January, 1945, and he then filed application for leave to

appeal to the State Supreme Court. This application was denied, and although petitioner had raised constitutional questions regarding his arrest and imprisonment, he did not apply to the Supreme Court of the United States for writ of certiorari to review the denial by the State Supreme Court.

It further appears that in August, 1945, Wilson filed another petition for writ of habeas corpus in the circuit court for Jackson county, which petition was denied. No application was made for leave to appeal from this denial to the State Supreme Court.

In October, 1945, Wilson filed a petition in the Supreme Court of the State for a writ of habeas corpus, which was denied January 8, 1946. Although he alleged that his constitutional rights were invaded, he did not apply to the Supreme Court of the United States for writ of certiorari to review the denial by the State court.

From the petition and motion in the present case it is clear that Wilson did not seek and exhaust his remedy in the State courts before applying to this court for relief. This case is controlled by the decision in White v. Ragen, 324 U.S. 760, 764, 65 S.Ct. 978, 981, 89 L.Ed. 348, in which the court said in part: "Where the highest state court in which a decision could be had considers and adjudicates the merits of a petition for habeas corpus, state remedies, including appellate review, are not exhausted so as to permit the filing of a petition for habeas corpus in a federal District Court, unless the federal question involved is presented to this Court on certiorari or appeal from the state court decision." See also Mooney v. Holohan, 294 U.S. 103, 55 S.Ct. 340, 79 L.Ed. 791, 98 A.L.R. 406; Dawsett v. Benson, 6 Cir., 156 F.2d 669; 14 Cyclopedia of Federal Procedure, 2d Ed., sec. 7160, p. 49 et seq.

In summary, petitioner Wilson was arrested as a parole violator and is confined by State authorities in the branch State prison at Marquette. He has not exhausted his remedy in the State courts in that he did not seek leave to appeal from the decision of the Jackson county circuit court denying his petition for habeas corpus, and he did not seek review by appeal or certiorari from the decisions of the State Supreme Court. Therefore, he is not entitled to petition this court for writ of habeas corpus.

Petitioner's request for the appointment of counsel to represent him is denied, for the reason that this habeas corpus proceeding is not a "criminal prosecution" as contemplated by the Sixth Amendment to the Constitution of the United States. Brown v. Johnston, 9 Cir., 91 F.2d 370.

For the reasons herein stated, the petition for writ of habeas corpus is denied and an order will be entered accordingly.