### Ex parte McBRIDE.
### Civil Action No. 169.

District Court, W. D. Michigan, N. D.
Oct. 15, 1946.

---

[1] No opinion for publication.

John McBride, in pro. per.

Perry A. Maynard, Asst. Atty. Gen., for defendants State Parole Board and Gerald F. Bush, Acting Warden.

STARR, District Judge.

In November, 1933, petitioner McBride was convicted in the recorder's court for the city of Detroit of the offense of robbery while armed and was sentenced to a prison term of four to twenty years. He was first confined in the State reformatory at Ionia but was thereafter transferred to the State prison of southern Michigan at Jackson and later to the branch State prison at Marquette.

In April, 1946, McBride filed petition in this court for writ of habeas corpus, alleging violation of his constitutional rights, in that he had been denied parole at the expiration of his minimum sentence and had been subjected to cruel and improper treatment by prison officers and authorities. He also alleged, as a mere conclusion and without statement of specific facts, that he had been denied equal protection of the law because he was a negro. The State parole board and the acting warden of Marquette prison filed answer expressly denying petitioner's allegations of cruel and improper treatment and alleging that he had been de-nied a parole because of his many acts of misconduct while in prison. The petition and answer raise principally questions of fact regarding McBride's conduct in prison, his treatment by prison authorities, and the action of the parole board in denying him a parole. No question is raised as to his guilt or the legality of the sentence or as to the discretionary power of the board to deny him a parole.

The parole board is vested with broad discretionary power in determining whether or not a prisoner is entitled to parole, Act No. 255, chap. 3, Pub. Acts Mich. 1937, Comp.Laws Supp. Mich.1940, sec. 17543-41 et seq., and it is not within the province of this court in habeas corpus proceedings to inquire into the discretionary action of that board; nor should it inquire into or interfere with the management of State prisons and the treatment accorded a prisoner, unless a petitioner alleges facts which clearly indicate his right to a release and discharge. McBride's allegation, as a mere conclusion, that he was denied due process of law because of his race, without a showing of specific facts supporting that conclusion, does not entitle him to the writ of habeas corpus. See 14 Cyclopedia of Federal Procedure 2d Ed. sec. 7171, pp. 58-60, and authorities cited.

In summary, the petitioner in the present case does not allege facts which, if assumed to be true, would entitle him to a discharge. Therefore, the petition should be denied. Walker v. Johnston, 312 U.S. 275, 284, 61 S.Ct. 574, 85 L.Ed. 830.

Furthermore, it appears that in 1944 McBride filed petition in the Supreme Court of Michigan for a writ of habeas corpus, which was denied January 2, 1945. He did not appeal from this denial or make application to the Supreme Court of the United States for writ of certiorari to review the decision of the State court. Therefore, he has not exhausted his remedy in the State courts, and until he has done so, he is not entitled to apply to this court for writ of habeas corpus. White v. Ragen, 324 U.S. 760, 65 S.Ct. 978, 89 L.Ed. 1348; Mooney v. Holohan, 294 U.S. 103, 55 S.Ct. 340, 79 L.Ed. 791, 98 A.L.R. 406; Dawsett v. Benson, 6 Cir., 156 F.2d 669;

14 Cyclopedia of Federal Procedure, 2d Ed., Sec. 7160, p. 49 et seq.

■ The petitioner's request for the appointment of counsel is denied, for the reason that this habeas corpus proceeding is not a "criminal prosecution" within the meaning of the Sixth Amendment to the Constitution of the United States. Brown v. Johnston, 9 Cir., 91 F.2d 370.

For the reasons herein stated, the petition for habeas corpus is denied and an order will be entered accordingly.