George W. WASHINGTON, Petitioner,

v.

D. M. BYINGTON, Warden, and U. S. Attorney General, Respondents.

No. TH 60–C–24.

United States District Court
S. D. Indiana,
Terre Haute Division.

March 28, 1960.

---

1. 26 U.S.C. § 4704(a) and 21 U.S.C. § 174.

2. 26 U.S.C. § 4704(a). See Criminal File No. 312–59.

George W. Washington, pro se.

Don A. Tabbert, U. S. Atty., Indianapolis, Ind., for respondents.

STECKLER, Chief Judge.

This cause is before the court upon the application of petitioner for a writ of habeas corpus.

Petitioner alleges that he was originally sentenced to serve two years by a federal court, but was paroled after serving eight months and seventeen days. Thereafter, while on parole, he was charged, and pleaded guilty to a narcotic offense in an Ohio state court. After serving the latter sentence (five years) in the Ohio State Reformatory, petitioner alleges that he was released into the custody of the United States pursuant to a detainer for parole violation. Petitioner is presently confined at the Terre Haute, Indiana, federal prison serving the remainder of the original federal sentence.

Petitioner contends that the United States relinquished jurisdiction over him when federal authorities permitted the imposition and execution of the second sentence by the Ohio state court, and consequently that his present detention by respondents is unlawful. Such is not the law. Morneau v. United States Board of Parole, 8 Cir., 1956, 231 F.2d 829, certiorari denied 351 U.S. 972, 76 S.Ct. 1037, 100 L.Ed. 1490; Jenkins v. Madigan, 7 Cir., 1954, 211 F.2d 904; Myers v. Hunter, 10 Cir., 1952, 199 F.2d 662. As stated in Myers v. Hunter, supra, at page 663:

"* * * 'either the Federal or the state government may voluntarily surrender its prisoner to the other without the consent of the prisoner. Whether jurisdiction and custody of a prisoner shall be retained or surrendered depends wholly on the practice of comity between the two sovereigns.' And if * * * a releasee or parolee is sentenced to a state institution, his confinement in the state institution is attributable solely to the state sentence, and 'his rights and status with respect to the Federal sentence are analogous to those of an escaped convict * * *.'"

Thus, the petition shows on its face that petitioner is not entitled to a writ of habeas corpus, and it would be an idle ceremony to issue an order to the respondents to show cause why the writ should not issue. See 28 U.S.C. § 2243; Reilly v. Pescor, 8 Cir., 1946, 156 F.2d 632, certiorari denied 329 U.S. 790, 67 S.Ct. 353, 91 L.Ed. 676.

Accordingly, the petition is denied.