**Ralph DE MARIS, Petitioner**

v.

**UNITED STATES of America, T. Wade Markley, Warden, U. S. Attorney General, Respondents.**

**No. TH 60–C–74.**

United States District Court
S. D. Indiana,
Terre Haute Division.

Sept. 23, 1960.

---

Ralph DeMaris, petitioner, in pro. per. No appearance for respondent.

STECKLER, Chief Judge.

This cause is before the court upon the application of petitioner for writ of habeas corpus.

■ Petitioner's motion for leave to proceed in forma pauperis is granted, but the motion for appointment of counsel is denied. The only right to counsel which a United States citizen has, is, apparently, that which is afforded by the Sixth Amendment to the United States Constitution and which is merely restated by Rule 44 of the Federal Rules of Criminal Procedure for the United States District Courts, 18 U.S.C. This right is a right to have counsel in a criminal proceedings only, and it has been frequently held that it has no application in a habeas corpus proceedings which is a civil action. Collins v. Heinze, 9 Cir., 1954, 217 F.2d 62, certiorari denied, 349 U.S. 940, 75 S.Ct. 786, 99 L.Ed. 1268; Stidham v. United States, 8 Cir., 1948, 170 F.2d 294; Dorsey v. Gill, 1945, 80 U.S.App.D.C. 9, 148 F.2d 857; Ex parte McBride, D.C. 1946, 68 F.Supp. 139; and Petition of Wilson, D.C.1946, 68 F.Supp. 168.

■ Title 28 U.S.C. § 1915 is the general section on forma pauperis and it is somewhat vague with respect to the appointment of counsel for an indigent litigant. It provides that the court "may *request* an attorney to represent any such person unable to employ counsel  *  *." At most, this appears discretionary on the part of the court and does not create a statutory right in the petitioner. The term "may request" is merely descriptive of the court's inherent power.

■ It has long been the policy of this court not to request counsel to represent one in a civil action except upon the showing of compelling and meritorious grounds. It must be remembered that counsel in such cases receive no compensation for their services. As will be pointed out, there is no showing of compelling and meritorious grounds for the appointment of counsel in this case. It is for this reason the motion is overruled.

Before going into the merits of the petition, the court should deal with the question of whether the United States of America and the Attorney General of the United States are proper respondents to this action.

■ Generally, the person having actual physical custody of the person detained is the proper respondent in a habeas corpus proceeding, and the writ or order to show cause is to be directed to him. 28 U.S.C. § 2243. Jones v. Biddle, 8 Cir., 1942, 131 F.2d 853; United States ex rel. Goodman v. Roberts, 2 Cir., 1946, 152 F.2d 841, certiorari denied, 328 U.S. 873, 66 S.Ct. 1377, 90 L.Ed. 1642.

■ Although by statute all persons convicted of an offense against the United States are committed to the custody of the Attorney General who designates their places of confinement [18 U.S.C. § 4082], the Attorney General is not the person directly responsible for the operation of our federal penitentiaries, and is not the proper person to be served in an action of this kind. He is a supervising official rather than a jailer. For that reason, the proper person to be served in the ordinary case of an inmate detained in a federal penitentiary is the

warden of the penitentiary in which the inmate is confined rather than an official in Washington, D. C. Jones v. Biddle, supra; Sanders v. Bennett, 1945, 80 U.S. App.D.C. 32, 148 F.2d 19, 20.

Since it is apparent from the face of the petition that petitioner is not in the actual physical custody of the Attorney General of the United States, and because the court does not have jurisdiction over the person of the Attorney General, as he is not within the territorial jurisdiction of this court, the petition as to such respondent must be and the same is hereby dismissed. Bokoros v. Kearney, D.C.E.D.Texas 1956, 144 F. Supp. 221, 227.

The United States is immune from suits of any kind except in those classes of cases in which Congress has waived its sovereign immunity and consented to be sued. Since there is no law, statute or other authority which permits the institution of this kind of an action against the United States, in the absence of such consent, it cannot be sued. Bombacino v. United States, 7 Cir., 1950, 185 F.2d 396. Accordingly, the action as against the respondent, United States of America, also is dismissed.

The alleged facts as set out in the petition are these: On January 9, 1956, for violation of the Dyer Act, 18 U.S.C.A. §§ 2311–2313, petitioner was sentenced to a term of three years by the United States District Court for the Southern District of Ohio. On December 24, 1957, petitioner was paroled. On February 25, 1958, petitioner was arrested by the State of Ohio and charged with auto theft, for which, on June 28, 1958, he was sentenced by a state court to a term of one to twenty years. On July 10, 1958, the federal authorities lodged a detainer against petitioner charging parole violation. On June 16, 1960, petitioner was paroled by the State of Ohio to the federal detainer. Presently he is in the custody of the respondent, Markley, at the United States Penitentiary, Terre Haute, Indiana.

Petitioner argues that the United States waived all jurisdictional claim to him by permitting the imposition of the state sentence.

Several authorities are cited by petitioner, none of which is controlling in this case. Petitioner's claim that he is being unlawfully held in the custody of the respondents is wholly without merit. Washington v. Byington, D.C.S.D.Ind. 1960, 182 F.Supp. 54. The petition in that case was virtually a carbon copy of the petition now before the court. Holding that the argument presented by Washington was not the law, this court quoted the following from Myers v. Hunter, 10 Cir., 1952, 199 F.2d 662, at page 663:

> " * * * 'either the Federal or the state government may voluntarily surrender its prisoner to the other without the consent of the prisoner. Whether jurisdiction and custody of a prisoner shall be retained or surrendered depends wholly on the practice of comity between the two sovereigns.' And if * * * a releasee or parolee is sentenced to a state institution, his confinement in the state institution is attributable solely to the state sentence, and 'his rights and status with respect to the Federal sentence are analogous to those of an escaped convict * *.' "

See also Morneau v. United States Board of Parole, 8 Cir., 1956, 231 F.2d 829, certiorari denied, 351 U.S. 972, 76 S.Ct. 1037, 100 L.Ed. 1490; Jenkins v. Madigan, 7 Cir., 1954, 211 F.2d 904.

Since the petition shows on its face that petitioner is not entitled to a writ of habeas corpus, it would be "an idle ceremony" to issue an order to the respondent Markley to show cause why the writ should not issue. Washington v. Byington, supra.

Accordingly, the petition is denied.