**UNITED STATES of America,**
**Plaintiff,**

v.

**Adai LESER and Czali Leser, Defendants.**

**Cr. No. 30956.**

United States District Court
S. D. California,
Central Division.

July 8, 1964.

Supplemental Order July 16, 1964.

Francis C. Whelan, U. S. Atty., and Timothy M. Thornton, Asst. U. S. Atty., Los Angeles, Cal., for plaintiff.

Matthew H. Brandenburg, New York City, and Paul Caruso, Beverly Hills, Cal., for defendants.

HALL, Chief Judge.

On November 1, 1963, after trial which had begun on September 9, 1963, the Jury returned a verdict of guilty as to both of the above-named defendants on 33 counts of an Indictment charging fraud by mail and wire.

The defendants have filed a Notice of Appeal to the Court of Appeals for the Ninth Circuit.

This Court is in receipt of the attached Order (Exhibit "A") of that Court, filed June 3, 1964, requesting this Court to "appoint counsel to assist appellants in the presentation" of motions referred to in the Order, and to act upon their motion for leave to appeal in forma pauperis and for other relief.

The "Motion" of defendants to proceed in forma pauperis and for the appointment of counsel was not supported by an affidavit that the defendants were unable to pay the costs or give security therefor as required by 28 U.S.C. § 1915. I therefore directed the Clerk to

advise the defendants of the requirements of that section, which he did, as per copy of his letter of June 11, 1964 (Exhibit "B") attached hereto. The defendants thereafter submitted an affidavit which reads as follows:

"In the United States District Court
Southern District of California

| | |
|---|---|
| "Adai and Czali Leser, Appellants<br><br>vs.<br><br>United States of America, Appellee. | RE: 30,956–CRC<br><br>Affidavit of Paupers |

"We the appellants hereby state that we have no assets and that we cannot give security for same.

"We are citizens by birth of the United States.

"We are complying in accordance with 28 U.S.C.

"Respectfully submitted,
S/ Czali Leser, Appellant
Pro-per
S/ Adai Leser, Appellant
Pro-per

"Sworn to before me this 17th day of June, 1964.

"S/ R. A. Neffenberg

"United States Parole Officer
Parole Officer, U. S. Penitentiary
McNeil Island, Pierce County,
Washington. Authorized by Act of
July 7, 1955 to administer oaths.
(18 USC 4004)."

---

Section 1915 of Title 28 U.S. Code, is not mandatory but permissive. The Court is not required in every case to request counsel to act, on the naked oath of convicted felons.

I would confess possession of a colossal naivete if I were to believe that the defendants herein are paupers, have no assets, and are unable to pay the costs, or attorney's fees, or give security therefor.

The uncontradicted evidence in this case showed that the defendants, in the course of about eight months, secured approximately $300,000 in cash from people to or for whom they rendered neither service nor goods of any kind or nature whatsoever. According to the Probation Report, one or both of the defendants, at the time of sentence, owned 51 lots in Kings Park, Long Island, New York, valued at approximately $200,000, and 46 lots in Brentwood, Long Island, New York, valued at approximately $88,000; and each owned a home in Oyster Bay, Long Island, New York, valued at between $40,000 and $50,000, with a balance of only $22,000 on mortgage, on each home.

It was asserted by the United States Attorney at a hearing after the conclusion of the trial that after the Indictment was filed, defendants continued to and did secure large sums of money from other people by using the same artifices and schemes for which they were convicted.

Both defendants have criminal records dating back many years, involving different schemes and kinds of fraud and larceny, under various aliases and different corporate names. During the trial, the defendants requested, from time to time, permission to leave the District so that they could spend some time with their families in New York. The Court was informed at the time of sentence that, during the trial in traveling to and from New York, the defendants swindled the American Airlines out of approximately $2500 and the United Airlines out of approximately $1500; and that during the trial, they also opened an account in the bank across the street from the Federal Building with a worthless check, and then drew over $2200 from that account.

Throughout the many days of trial, witness after witness and document after document showed that the defendants were so crass in their representations of facts to secure money that they are wholly unworthy of belief.

Matthew H. Brandenburg, a member of the New York Bar (160 Broadway, New York, New York) was specially admitted to the Bar of this court to represent the defendants in the within case, and he has not yet been relieved therefrom, either by his motion or by substitution. The Lesers did file a substitution of themselves in pro per for Paul Caruso of the California Bar, who also represented them and did the active work during the long trial.

After the trial, Garry B. Fleischman, Esq., a member of the Los Angeles Bar, appeared specially on an application for bail for the defendants. It is not known if the defendants paid Mr. Fleischman anything, but it is presumed they must have done so.

More than 300 exhibits were introduced in the trial, many of them consisting of many pages and most of them were of a complicated nature. The Transcript of testimony is in excess of 4,000 pages.

Apparently the defendants made some arrangements with James Martin Mac-Innis, Esq. and William A. Newsom, Esq., of the California Bar, to "represent them" in their appeal. In May, 1964, Mr. MacInnis and Mr. Newsom, in support of their motion for leave to withdraw as counsel, addressed to the Appellate Court, filed an acknowledged statement by Mr. Newsom which reads, in part, as follows:

"At the end of March, 1963, this office was contacted by Appellants, Adai and Czali Leser, with a request that we represent them in their appeal. I agreed to review the Lesers' file in order to determine whether any substantial basis for an appeal existed. The voluminous transcript in this case did not reach me until the middle of April.

"Having now had the opportunity to study the complete file, I do not feel that there is any substantial basis for appeal. I have so advised the Appellants, and I therefore respectfully request that this Court grant the motion to withdraw as counsel for Appellants.

"DATED: May 4, 1964.
"At San Francisco, California.
"S/ William A. Newsom
William A. Newsom."

Much has been heard concerning civil rights these days, but somehow or another people seem to overlook the provisions of the Thirteenth Amendment to the Constitution of the United States which reads as follows:

"Section 1. Neither slavery nor involuntary servitude, except as a punishment for crime whereof the party shall have been duly convicted, shall exist within the United States, or any place subject to their jurisdiction."

Any statute of California or of the United States which is contrary to that amendment is void. The Sixth Amendment to the Constitution which prescribes that an accused shall "enjoy the right * * * to have the Assistance of Counsel for his defense," is just as much modified by the Thirteenth

Amendment as all other parts of the Constitution which permitted slavery.

■ While the Court is mindful of the high duty of every member of the Bar to serve those who are oppressed, it has no more power to compel a member of the Bar of the State of California to do the tremendous amount of work and put in the tremendous amount of time it would require to conscientiously examine the files and records in this case, and represent the defendants on appeal, and thus compel involuntary servitude by a lawyer to convicted criminals, than I have to make an order compelling these defendants, had they not been convicted, to pick cotton for a private individual. This lack of power is implicitly recognized in Section 1915 of Title 28 U.S.Code, inasmuch as that Section does not give the Court the power to appoint, or assign, or compel, or coerce an attorney to represent anyone, but merely gives the Court the power to *request* an attorney to do so, in the following language:

"§ 1915. Proceedings in forma pauperis  *  *  *

"(d) The court may *request* **an** attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious."

In view of the foregoing, I think it would be asking too much of a lawyer who has not been familiar with the case to request that he undertake the representation of these defendants. Particularly is this true when a lawyer of the defendants' own choosing has represented to the Appellate Court that he has examined the "complete file," and that there is no "substantial basis for appeal."

Nevertheless, in view of the fact that the Court of Appeals has requested this Court to appoint counsel, the Court hereby requests Mathew H. Brandenburg and Paul Caruso, who went through the trial, to assist appellants in the presentation of whatever motions are comprehended by the attached and heretofore mentioned Order of the United States Court of Appeals.

EXHIBIT "A"

FILED

JUN 5–1964

30956—Crim

CLERK, U. S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

---

IN THE UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 3 1964
(Endorsed)
Filed

Frank H. Schmid,
Clerk

ADAI and CZALI LESER,
  Appellants,
  v.
UNITED STATES OF AMERICA,
  Appellee.

No. 19093

ORDER

On Miscellaneous Motions

Before HAMLEY, MERRILL and DUNIWAY, Circuit Judges

The motion of James Martin Mac-Innes and William A. Newsom for leave to withdraw as counsel for appellants is granted.

The motions of appellants for leave to appeal in forma pauperis, for appointment of counsel to represent appellants upon the appeal, and to be returned to the Los Angeles County jail pursuant to appellants' asserted election not to commence service of the sentences, are denied without prejudice to their renewal in the district court.

The proceeding is remanded to the district court for the limited purpose of entertaining and acting upon any such motions, the proceeding to be returned to this court after such action, or after the expiration of thirty days if no such motions are filed in the interim. The district court is requested to appoint counsel to assist appellants in the presentation of such motions.

The motion of appellee to dismiss the appeal and the motion of appellants to extend the time for perfecting the appeal will remain under submission in this court until the proceedings have been returned to this court.

|  |
|---|
| Frederick G. Hamley |
| Charles M. Merrill |
| Ben C. Duniway |
| United States Circuit Judges |

## EXHIBIT "B"

June 11, 1964.

Adai Leser,
Czali Leser,
U. S. Penitentiary,
McNeil Island,
Steilacoom, Washington.

Gentlemen:

REe– 30,956,CRC– U.S.A. vs. Adai Leser, et al.

Your letter dated June 7, 1964, addressed to the Clerk has been submitted to Hon. Peirson M. Hall, U. S. District Judge. It is being treated as a Motion for leave to appeal in forma pauperis, and for the record to be prepared at public expense. Before it is filed and submitted, it must be supported by a pauper affidavit in accordance with 28 USC 1915, stating, not only that you have no assets, but that you cannot give security for same. The affidavit must be signed by both of you and verified before a Notary Public, or other person authorized to administer oaths.

The other matters mentioned in the order of the U. S. Court of Appeals will be considered upon receipt of the affidavit heretofore mentioned.

Yours very truy,
John A. Childress, Clerk,
By S. W. Stacey, Deputy

NO. 30,956–CR.

### SUPPLEMENTAL ORDER

Under date of July 8, 1964, pursuant to the Order of the United States Court of Appeals for the Ninth Circuit, the undersigned Judge requested Mathew H. Brandenburg and Paul Caruso, the attorneys who represented the above-named defendants in the trial, to represent said defendants on the matters mentioned in said Order of the Court of Appeals.

The Court is now in receipt of a letter from Mathew H. Brandenburg declining to accept the pauper assignment, without stating any reasons in his letter. He did make the statement on the telephone to me to the effect that he did not believe defendants are paupers, and that in his opinion, the only possible ground for appeal was the substitution of an alternate juror after the jury began its deliberations. I do not think this is a substantial ground for appeal, and consider it frivolous inasmuch as the record shows that the defendants and the government both gave their consent to permit the alternate jurors to not be discharged until the verdict was reached, and to substitute an alternate if any juror became unable to conclude his service during deliberations.

Paul Caruso has likewise stated that he is unable to serve as counsel for the defendants, and that he "must state in good faith that I believe there exist no grounds for appeal."

This Court is convinced that neither of the defendants is a pauper, and that defendants have no substantial ground for appeal, and, in fact, their appeals are frivolous and malicious, and the Court hereby certifies, as the Trial Court, that the appeal is not taken in good faith.

For the foregoing reasons and the other reasons assigned in the Order of this Court filed July 8, 1964, this Court denies the appellants' motion to proceed in forma pauperis and to appoint counsel to represent them on appeal.