Lucien A. **JUTRAS**, Petitioner, Appellant,

v.

**UNITED STATES of America,**
Respondent, Appellee.

No. 6433.

United States Court of Appeals
First Circuit.

Submitted Dec. 7, 8, 1964.

Decided Dec. 31, 1964.

Lucien A. Jutras, pro se, on motion for appointment of counsel, etc.

Before WOODBURY, Chief Judge, ALDRICH, Circuit Judge, and CAFFREY, District Judge.

PER CURIAM.

Appellant, in connection with his appeal from the denial by the United States District Court for the District of New Hampshire of a section 2255 petition asks for the appointment of counsel. Appellant received two suspended sentences from that court on January 21, 1957, and was placed on probation for five years. Thereafter he was sentenced from time to time by the state courts in Massachusetts and Rhode Island. On January 19, 1962, while serving a sentence in a Massachusetts prison, a detainer was there lodged against him for violation of his district court probation. Upon his discharge the following year he was taken into federal custody, his probation was revoked, and he is now serving a two-year sentence. The contentions made in his voluminous 2255 petition are that the federal court lost jurisdiction over him when it "permitted" him to be tried and sentenced to state's prison while he was at large on probation, and that the federal detainer was issued too late, coming after his original probationary period had run. Possibly, also, he claimed that the district court could not remove the suspension and act so as to require the sentences to be served after the original probationary period. The appeal raises, at the most, these same questions.

Petitioner's first point is too specious to require comment. Cases in which the defendant's position was far stronger than this one have been uniformly decided in favor of the government. See, e. g., Jones v. Taylor, 10 Cir., 1964, 327 F.2d 493, cert. den. 377 U.S. 1002, 84 S.Ct. 1937, 12 L.Ed.2d 1051; United States ex rel. Demarois v. Farrell, 8 Cir., 1937, 87 F.2d 957, 962, cert. den. 302 U.S. 683, 58 S.Ct. 31, 82 L.Ed. 527; Washington v. Byington, D.C.S.D.Ind., 1960, 182 F.Supp. 54. Cf. United States ex rel.

Pavloc v. President of Pa. Bd. of Parole, 3 Cir., 1949, 175 F.2d 780, aff'g on the opinion of the court below, 81 F.Supp. 592. As matter of record the second point is erroneous. Even if it be assumed that it had to be so issued, the detainer was in fact issued, as the records of the court show, within the original period. The final point is also entirely without merit. 18 U.S.C. § 3653. This case does not even approach those where it has been found necessary (and proper) to hold that the original probationary period was tolled by the defendant's incarceration in other jurisdictions. United States v. Gerson, 6 Cir., 1962, 302 F.2d 430; United States ex rel. Demarois v. Farrell, supra.

We have individually reviewed the file. On this record no purpose could be served by appointing counsel. Rather, an order will be entered dismissing the appeal under our Rule 25(3) as totally devoid of merit.