**Charles DAVISON, Plaintiff,**

v.

**JOSEPH HORNE & COMPANY, Defendant.**

**Misc. No. 4293.**

United States District Court
W. D. Pennsylvania.
March 16, 1967.

Charles Davison, pro se.

## OPINION

ROSENBERG, District Judge.

This action was brought by the petitioner, Charles Davison, pro se in forma pauperis under the authority of the provisions contained in the Civil Rights Act (42 U.S.C. § 1983).[1] Jurisdiction is here claimed by the petitioner by virtue of § 1343 of the Judicial Code (28 U.S.C. § 1343).[2] The petition also seeks the ap-

1. § 1983. "Every person who, under color of any statute, ordinance, regulation, custom or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceedings for redress."

2. § 1343. "The district courts shall have original jurisdiction of any Civil Action

pointment of counsel to prosecute the asserted action of the petitioner as a plaintiff.

The pleading as presented is an integrated petition and complaint and avers that on or about January 22, 1965, as the plaintiff was leaving the downtown department store of the defendant, Joseph Horne Company, he was seized, assaulted and accused of shoplifting, searched and held in custody by employees and agents of the defendant; that at the termination of the search, when no stolen goods or contraband had been found on the plaintiff, he requested to be released; that he was informed that Mr. Burke, the head Security Officer of the defendant had been contacted and that Mr. Burke ordered the plaintiff held; that he remained in unlawful and illegal custody from 10:30 that morning until 6:30 that evening, when he was taken before a City Magistrate; that the plaintiff was informed that he was being charged with a violation of the Professional Thieves Act of June 24, 1939, P.L. 872, § 821 (18 P.S. § 4821); that at the hearing before the magistrate, Mr. Burke presented the charge against the plaintiff and "for sole validation presented the plaintiff's police record"; that despite the objections of the plaintiff, the magistrate considered the record and found the plaintiff guilty; and that the magistrate then summarily sentenced the plaintiff to 30 days in Allegheny County Jail.

The plaintiff then alleges that "by reason of the aforesaid" he has suffered damages in the amount of $800,000. The petitioner-plaintiff alleges also that he is a citizen of the United States. He does not allege any specific domicile. The pleading was forwarded by the Warden of the United States Penitentiary at Lewisburg, Pennsylvania, and the communications to the Clerk of the United States District Court stated that it was done at the request of the "above-named inmate" and that Davison had no money in his commissary account. Thus, it appears that the petitioner-plaintiff is incarcerated in a Federal Penitentiary outside of the Western District of Pennsylvania.

Three preliminary questions are presented by this petition: (1) What right or duty does the District Court have to appoint counsel in a case of this kind?; (2) Does the District Court have the power to order the petitioner-plaintiff's appearance at the trial if the filing of the complaint is to be permitted?; and (3) Should the petition be allowed for filing the complaint in forma pauperis?

Section 1915 of Title 28 U.S.C., respecting proceedings in forma pauperis, provides:

"(d) The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious."

In United States v. Leser, 233 F.Supp. 535 (D.C.Cal., 1964), it was held that under this section the court may merely request an attorney to represent indigent persons, but in view of constitutional provisions forbidding involuntary servitude, this section does not give the court power to compel or coerce an attorney to represent anyone.

■ The statute thus leaves appointment of counsel to the discretion of the court in each particular case. And while the decisions involving this statute deal in the main with collateral attack on judgments of conviction,[3] namely proceedings

authorized by law to be commenced by any person:

   *     *     *     *     *

(3) to redress from deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of all citizens or of all persons within the jurisdiction of the United States."

3. Appointment of counsel in habeas corpus cases is discussed in Hatfield v. Bailleaux, 290 F.2d 632, C.A.9, 1961, cert. den. 368 U.S. 862, 82 S.Ct. 105, 7 L.Ed. 2d 59; Dorsey v. Gill, 80 U.S.App.D.C. 9, 148 F.2d 857, 1945; DeMaris v. United States, 187 F.Supp. 273 (S.D.Ind.1960).

In *DeMaris*, it was stated: (page 275)

"The only right to counsel which a United States citizen has, is, apparently, that which is afforded by the Sixth

in habeas corpus, nevertheless the allowance of great discretion in this matter is even more appropriate to civil actions where the plaintiff's claims relate not to his right to freedom from incarceration but merely to his right to money damages.

This principle has been often stated. In United States ex rel. Gardner v. Madden, 352 F.2d 792, C.A.9, 1965, a civil rights action under § 1983 of 42 U.S.C., it was said: "It is true that the appointment of counsel in a civil case is, as is the privilege of proceeding in forma pauperis, a matter within the discretion of the district court. It is a privilege and not a right." (page 793)  In Cole v. Smith, 344 F.2d 721, C.A.8, 1965, an action under the Civil Rights Act, "The appointment of counsel to represent appellant, and subsequent dismissal as 'frivolous and malicious' was within the ambit of § 1915(d), * * *.  Such procedure is, of course, directed to the sound discretion of the District Court."  In Moss v. Thomas, 299 F.2d 729, C.A.6, 1962, an action under the Civil Rights Act, " * * * in contrast to a criminal proceedings in which there is a duty upon the Court to assign counsel to represent an indigent defendant, a court in a civil case with respect to the appointment of counsel is endowed with discretion." And in Miller v. Pleasure, 296 F.2d 283, C.A.2, 1961, an action for damages for false imprisonment, "The provision for assignment of counsel, 28 U.S.C. § 1915 (d), clearly leaves the power discretionary with the judge—at least in a civil case—and even provides for dismissal if

he is satisfied that the action is frivolous or malicious. See Reid v. Charney, 6 Cir., 235 F.2d 47; Taylor v. Steele, 8 Cir., 194 F.2d 864, certiorari denied 343 U.S. 973, 72 S.Ct. 1080, 96 L.Ed. 1367; Ligare v. Harries, 7 Cir., 128 F.2d 582.  In this it is in contrast with the more mandatory provisions of 28 U.S.C. § 1915(a), where leave to proceed in *forma pauperis* should be granted on a proper showing unless the action is frivolous.  Ellis v. United States, 356 U.S. 674, 78 S.Ct. 974, 2 L.Ed.2d 1060."

■ In a recent decision in the District Court of Nebraska (Rhodes v. Houston, 258 F.Supp. 546, 1966) District Judges Van Pelt and Delehant dealt with the question of the appointment of counsel in civil actions in an excellent and exhaustive opinion and reached the same conclusion, that appointment of counsel is entirely discretionary and should be allowed only in exceptional circumstances.

The petitioner-plaintiff cites Louis DiCarlo v. Joseph Horne, C.A. 65–1211, in which a member of this Court procured the appointment of counsel to proceed in a case similar to this one.  I have examined that case and find that the Judge stated that he had no authority for making the appointment and all he could do was to call upon volunteers.  Such a comment by a judge does not present either precedent or authority.

A second preliminary question is presented by the petitioner-plaintiff's incarceration in the Federal Penitentiary at Lewisburg, located in the Middle District of Pennsylvania.  We have on the record that the petitioner-plaintiff is a

Amendment to the United States Constitution and which is merely restated by Rule 44 of the Federal Rules of Criminal Procedure for the United States District Courts, 18 U.S.C.  This right is a right to have counsel in a criminal proceedings only, and it has been frequently held that it has no application in a habeas corpus proceedings which is a civil action.  Collins v. Heinze, 9 Cir. 1954, 217 F.2d 62, certiorari denied, 349 U.S. 940, 75 S.Ct. 786, 99 L.Ed. 1268, Stidham v. United States, 8 Cir. 1948, 170 F.2d 294, Dorsey v. Gill, 1945, 80 U.S.App.D.C. 9, 148 F.2d 857; Ex parte McBride, D.C.

1946, 68 F.Supp. 139; and Petition of Wilson, D.C. 1946, 68 F.Supp. 168.

Title 28 U.S.C. § 1915 is the general section on forma pauperis and it is somewhat vague with respect to the appointment of counsel for an indigent litigant. It provides that the court 'may request an attorney to represent any such person unable to employ counsel * * *.'  At most, this appears discretionary on the part of the court and does not create a statutory right in the petitioner.  The term 'may request' is merely descriptive of the court's inherent power."

citizen of the United States and that he is domiciled, presumably temporarily, in a Federal penitentiary in the Middle District of Pennsylvania. There is no evidence of the term for his incarceration and one may presume that it is for a long period of time. Under these circumstances, if the complaint is filed, will the petitioner be available for all processes to which he becomes answerable upon the filing of the complaint? Again, I must assume that he will not be. Will the petitioner-plaintiff, if the complaint is allowed, be available for trial of the case? We have no evidence on that, but I may assume that he will not be, and this in spite of the fact that he might have a lawyer locally who may take care of the miscellaneous procedural matters and see to the calling of the witnesses. But clearly, the petitioner-plaintiff himself would be an indispensable witness.

The Government has already incurred certain expenditures in the forwarding of the petition to this Court. If the complaint is permitted to be filed in forma pauperis, an additional expense is incurred by the Government; and when the case is ready for trial, it must be assumed that the Government will be required to transport him from the Middle District to the Western District with all of the responsibilities that would be imposed upon it—that is, expenditure of funds for transport, for providing of adequate guard and further providing for the protection of the public against his possible escape. Does the Government or this Court have the right to put the public to such expense and to issue any writ that will bring an individual so situate into a District such as in this case when trial is called for?

It is provided in 28 U.S.C. § 2241:

"Power to grant writ

(a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions. * * *

  *    *    *    *    *

(c) The writ of habeas corpus shall not extend to a prisoner unless * * *

(5) It is necessary to bring him into court to testify or for trial."

■ The object of this latter provision is to direct the custodian of an incarcerated person who is desired as a witness to bring that person into court to give testimony. While the issuance of habeas corpus writs are for many purposes and have various classifications, we would here be concerned with the appropriate writ of habeas corpus *ad testificandum* which is a writ to bring a witness into court when he is in custody at the time of trial commanding the custodian to have his body before the court to testify in a cause of action.

Since there are no allegations contained in the petition, and as I have already stated, I must assume that the petitioner would be incarcerated as of the time the instant action, if allowed, would be ready for trial and otherwise prior thereto, be required to appear for discovery matters. I must consider the propriety of allowing the petition as well as the jurisdictional question raised by wording of the Act of Congress granting the power to issue writs of habeas corpus, "within their respective jurisdictions."

This question was raised in Edgerly v. Kennelly et al., 215 F.2d 420, C.A.7, 1954, cert. den. 348 U.S. 938, 75 S.Ct. 359, 99 L.Ed. 735, in an action similar to the present one. In the United States District Court for the Northern District of Illinois, a writ of habeas corpus *ad testificandum* addressed to the Warden at Alcatraz Penitentiary was sought to produce the plaintiff as a witness in Chicago for the purpose of giving testimony in the case. It was denied by the District Court, and the Court of Appeals affirmed the denial and the eventual dismissal of the action for failure to prosecute.

In the *Edgerly* case, Chief Judge Major, speaking for the Court of Appeals, referred to Ahrens v. Clark, 335 U.S. 188, 68 S.Ct. 1443, 92 L.Ed. 1898, where, 215 F.2d at page 422, he said:

"In the Ahrens case it was held that a District Court was without jurisdic-

tion to direct a writ of habeas corpus beyond its territorial jurisdiction."

He differentiated the *Ahrens* case from the United States v. Hayman, 342 U.S. 205, 72 S.Ct. 263, 96 L.Ed. 232, where it was held that a district court was given auxiliary jurisdiction to require the production of a prisoner so that he might testify at a hearing provided for by that section, and that as such, Congress by the enactment created an exception to the general territorial jurisdiction of federal courts.

Chief Judge Major also added 215 F.2d at page 423:

"[W]e are not aware of any constitutional right where a prisoner lawfully committed has to be produced as a witness either in his own or some other case in an action for the recovery of damages. It must be remembered that a person in his unfortunate situation is stripped of many of his rights possessed by a free person and guaranteed by the Constitution. As stated in Price v. Johnston, 334 U.S. 266, 285, 68 S.Ct. 1049, 1060, 92 L.Ed. 1356: 'Lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system.'"

■ The rationale for the policy of extra-territorial limitations is, of course, the possibility of escape on long trips. In Ahrens v. Clark, supra, 335 U.S. at page 191, 68 S.Ct. at page 1444, it was stated that, "The opportunities for escape afforded by travel, the cost of transportation, the administrative burden of such an undertaking * * *" clearly negate any intent by Congress to produce prisoners from more distant areas of the country. I must conclude that this Court could not insure the plaintiff's presence here when the action proceeded to trial.

■■ Aside from the questions of appointment of counsel and the problem presented by the plaintiff-petitioner's presence outside of the Western District of Pennsylvania, there remains the question of the petitioner's right to proceed in forma pauperis. As with the appointment of counsel, the privilege of proceeding in forma pauperis in civil actions is a matter within the discretion of the district court; it is a privilege and not a right. 28 U.S.C. § 1915(a); United States ex rel. Gardner v. Madden, supra. Further, in civil actions for damages, permission to proceed in forma pauperis should be allowed only in exceptional cases. Weller v. Dickson, 314 F.2d 598, C.A.9, 1963. To hold otherwise would entail giving petitioners "a field day in the courts, at public expense." Weller v. Dickson, supra, page 601.

■ The plaintiff-petitioner makes claim only for punitive damages in the amount of $800,000, but he asserts that he was cruelly and brutally deprived of his freedom and subjected to mental and physical abuse. Although under our Federal Rules of Civil Procedure he is required only to give notice of a claim, Conley v. Gibson, 355 U.S. 41, 48, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); Sinchak v. Parente, 262 F.Supp. 79 (W.D.Pa., 1966), in this instance in order to permit me to exercise my discretion and for the purpose of satisfying myself that the plaintiff's claim is not frivolous, there are insufficient factual averments to lend persuasion that the complaint deserves to be filed in forma pauperis. Carey v. Settle, 351 F.2d 483, C.A.8, 1965; Smart v. Heinze, 347 F.2d 114, C.A.9, 1965, cert. den. 382 U.S. 896, 86 S.Ct. 192, 15 L.Ed.2d 153; Wright v. Rhay, 310 F.2d 687, C.A.9, 1962.

Under the circumstances, I am not convinced that the complaint has substantiality which will support it as an action in forma pauperis and for the other reasons already set forth, I am not sufficiently convinced that the petition to file the pleading should be allowed to be filed in forma pauperis. It will therefore be denied.